PER CURIAM.
 

 This is an appeal from the district court’s findings and order, entered on April 21, 1981. The respondent Shawmut Bank is the Charge Trustee under an indenture of equitable charge that was created on April 20, 1971, on behalf of the holders of certain Certificates of Contingent Beneficial Interest (CCBI’s). The trustee had petitioned for approval of a proposed compromise settlement of all claims against the Penn Central Corporation, the successor grantor under the indenture. The district court’s findings and order approved the proposed compromise as prudent, fair, and equitable, and ordered the trustee discharged.
 

 A court approving a compromise in reorganization proceedings does not play the same role as a court approving a compromise between individual litigants. Bankruptcy- proceedings, by definition, coerce the bankrupt’s creditors into a compromise of their interests. Therefore, the trustee has a fiduciary obligation to manage the reorganization for their protection, and the supervising court must play a quasi-inquisitorial role, ensuring that all aspects of the reorganization are “fair and equitable”.
 
 See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,
 
 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968).
 

 Before approving the compromise in this case, the court had a duty to apprise itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the potential claims against Penn Central be litigated.
 
 Id.
 
 It had the obligation to form an independent judgment of the complexity, expense, and likely duration of litigation, as well as any other factors relevant to a full and fair assessment of the wisdom of the compromise. Moreover,
 
 Anderson
 
 requires this analysis to be set forth on the record in sufficient detail that a reviewing court could distinguish it from “mere boilerplate approval” of the trustee’s suggestions.
 
 Id.
 
 at 434, 88 S.Ct. at 1168.
 

 We reluctantly — because of the extreme prolongation of the proceedings in this matter — conclude that the present record of facts and analysis does not meet this standard. The trustee’s petition and supporting affidavit gave only the most curso
 
 *13
 
 ry description and conclusory evaluation of the potential claims against Penn Central and their values. They are equally elliptical in their assertions that the reduction for payments to the trustee properly amounts to $270,000. Even if the court was drawing on other information, beyond the petition and affidavit, its findings and order do not demonstrate an independent evaluation of that information.
 

 We can sympathize with the district court and the predicament created by this particular appellant’s confusing and ambiguous remarks, its eleventh hour claim of surprise and accompanying request for continuance. Yet the court must act independently, out of its own initiative, for the benefit of all creditors. This obligation prevails even where the creditors are silent,
 
 id.
 
 at 435, 88 S.Ct. at 1168, and even where, as here, one particular creditor has engaged in conduct that might well amount to a waiver of objections in another context.
 

 We will therefore retain jurisdiction over this appeal, but remand to the district court for further examination of the trustee and the factual background of the proposed settlement, and for preparation of more complete findings, in accordance with this opinion. Of course, the district court retains its discretion to direct the inquiry in an efficient manner and to limit its scope to those claims that have not been resolved earlier in this reorganization.
 

 All motions pending before this court are denied. No costs at this time.