**In re RUSSELL TRANSFER, INC. Debtor.**

**Bankruptcy No. 7–85–00365–BKC–HPR.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 26, 1989.

George I. Vogel, II, Wilson, Vogel & Creasy, Roanoke, Va., trustee/counsel for trustee.

MEMORANDUM OPINION AND ORDER RELATING TO PAYMENT OF WAGE CLAIMS AND RESOLVING EMPLOYEES' MOTION TO HAVE RETIREMENT FUNDS CREDITED TO THEIR CLAIMS

H. CLYDE PEARSON, Chief Judge.

Before the Court are several issues relating to priorities and distribution to creditors of funds held by the trustee. The questions presented involve, to a large extent, priority administrative expenses since trustee has announced that funds held in his account will only reach such claims.

The within case was commenced in this Court as a Chapter 11, a Plan was confirmed and during the course of consummation of the Plan, financial difficulties arose resulting in conversion to Chapter 7. The Chapter 7 trustee is presently administering the liquidation and distribution. The final blow resulting in the conversion was the Internal Revenue Service levy for unpaid taxes upon the bank accounts of the debtor which, in effect, resulted in the drivers and other employees being unpaid for their wages during the final two or three weeks before conversion.

During this period of time, accounts receivable assets were generated by the work and effort of the employees transporting goods in behalf of the debtor throughout the country and maintaining its operation. These accounts receivable, in turn, secured financing of Signet Bank, which aside from the receivables, was oversecured on other collateral and will or has been paid in full.

This Court must deal with the issue of these receivables. The Fair Labor Standards Act (FLSA) 29 U.S.C. § 206, *et seq.*, provides for payment of minimum wages for employees who produce goods for Interstate Commerce and seeks to ensure that such employees will be paid their wages as prescribed in the statute. The statute applies to drivers and employees such as the debtor's employees in this case who have unpaid wages due and owing. *See Walling v. Rockton & Rion R.R.*, 54 F.Supp. 342, *affirmed*, 146 F.2d 111 (4th Cir.1945). *See also, Walling v. Griffin Cartage Co.*, 62 F.Supp. 396 (E.D.Mich.

1945). The employees' efforts were used to generate funds and such funds would not have come into being and would not have been available but for such employees' work and efforts. *See, Citicorp Industrial Credit, Inc. v. Brock*, 483 U.S. 27, 107 S.Ct. 2694, 97 L.Ed.2d 23 (1987). In that case the Supreme Court held that the funds generated by the unpaid workers were not subject even to a secured creditor's interest of *Citicorp* and that the broad prohibition of FLSA in the area of "hot goods" applied even to said secured creditors which acquires the goods pursuant to security agreement and that those funds generated are outside the perimeter of a secured creditor's claim. This principle in *Citicorp* was further applied in the case of *Brock v. Rusco Industries, Inc.*, 842 F.2d 270 (11th Cir.1988). In that Chapter 11 case, the Court held that the stay did not apply to property in the nature of hot goods and the Secretary of Labor not only was not stayed by § 362 but could utilize those generated funds for payment of the unpaid wages.

Accordingly, it is the conclusion of the Court that the accounts receivable generated from the non-payment of wages of this debtor's employees prior to the filing of the Chapter 7 are not property of the estate subject to payment of other administrative expense until such wages are paid to all those employees generating the accounts. It is not necessary for the trustee to reclaim from Signet Bank the accounts collected post conversion since there are more than sufficient funds from the oversecured collateral from which these wages are payable.

It is, accordingly,

### ORDERED

that the trustee in the administration and distribution of this case, which the court is charged with directing and supervising, shall ascertain and determine the unpaid wages and pay the same from funds on hand which represent those funds from the accounts receivable. *See In re TMT Trailer Ferry, Inc.*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968) and *In re Boston & P.R.R.*, 673 F.2d 11 (1st Cir.1982).

The employees whose claims are dealt with herein having moved the court to require the balance of surplus funds from the liquidation of the pension plan to be credited to their wage claims is overruled because the decision herein provides that said wages shall paid under the provision of FLSA and the employees' motion is now moot. The surplus funds from the pension plan sought to be credited to said employees' wages shall be disbursed to the trustee for distribution to creditors in accordance with further orders of this court as the trustee may request.