**John JEFFREY and Marsha Jeffrey, Appellants,**

v.

**John O. DESMOND, et al., Appellees.**

No. 95–1261.

United States Court of Appeals, First Circuit.

Heard Sept. 12, 1995.

Decided Nov. 22, 1995.

Donald C. Kupperstein, Boston, MA, for appellants.

Richard D. Wayne, with whom Paul F. O'Donnell III and Hinckley, Allen & Snyder, Boston, MA, were on brief, for appellees Brooks Drug, et al.

John O. Desmond pro se.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and STEARNS,* District Judge.

TORRUELLA, Chief Judge.

John and Marsha Jeffrey (the "appellants") appeal the decision of the district court, affirming the bankruptcy court's decision to compromise a claim belonging to the appellants' Chapter 7 estate. Appellants contend that the bankruptcy court abused its discretion when it approved the Chapter 7 Trustee's motion to compromise the claim. For the reasons stated below, we affirm.

## BACKGROUND

On February 14, 1992, appellants filed a petition under Chapter 7 of the Bankruptcy Act, 11 U.S.C. § 701 et seq. (1988), and John O. Desmond, an appellee in this case, was appointed the Chapter 7 Trustee (the "Trustee"). As required by 11 U.S.C. § 521(1), appellants filed a statement of financial affairs and schedule of assets and liabilities. Appellants failed to schedule as an asset, however, a pending state court action they commenced in 1990 against Brooks Drug, Inc., ("Brooks Drug") (also an appellee in this case), seeking damages for alleged discrimination against John J. Jeffrey in employment, under the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12, §§ 11H, I, and the Federal Civil Rights Act, 42 U.S.C. § 1983.[1]

After the Trustee filed a Report of No Assets on May 1, 1992, appellants received a discharge under 11 U.S.C. § 727(b), and their Chapter 7 case was closed on June 22, 1992. Appellants' counsel, who represented

---

* Of the District of Massachusetts, sitting by designation.

1. See 11 U.S.C. § 541(a)(1) (property of the estate includes "... all legal or equitable interests of the debtor in property as of the commencement of the case."); see also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir.) (citing In re Hannan, 127 F.2d 894, 897 (7th Cir.1942) ("[B]ankruptcy law imposes upon one seeking its benefits the positive duty to schedule for the benefit of creditors all his interest and property rights."), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988).

appellants in both the state court action and the Chapter 7 proceedings, never informed the state court or Brooks Drug that appellants had filed for bankruptcy or had received a discharge without administration of the state court action in the Chapter 7 proceedings.

On June 10, 1993, on the eve of trial in state court, Brooks Drug learned of appellants' bankruptcy and their failure to schedule the state court action. Brooks Drug notified the trial judge of these facts and moved to dismiss with prejudice the state court action, on the grounds that appellants were judicially estopped from asserting prepetition claims that were not disclosed during the bankruptcy case. Subsequently, on July 27, 1993, the state court stayed the state court action and ordered Brooks Drug to notify the Trustee about its pendency in order to give the Trustee the opportunity to bring the matter to the attention of the bankruptcy court.

On September 17, 1993, the bankruptcy court granted the Trustee's motion to reopen appellants' Chapter 7 case in order to administer the unscheduled state court action. On March 24, 1994, the bankruptcy court granted the Trustee's motion to compromise the state court action for $10,000. The U.S. District Court for the District of Massachusetts affirmed the bankruptcy court's decision on February 17, 1995, finding that the bankruptcy court did not abuse its discretion in approving the compromise.

### DISCUSSION

■ On an appeal from the district court, we independently review the bankruptcy court's decision, applying the clearly erroneous standard to its findings of fact and *de novo* review to its conclusions of law. *In re SPM Mfg. Corp.*, 984 F.2d 1305, 1311 (1st Cir.1993); *see also In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991) (collecting cases). The approval of a compromise is within the sound discretion of the bankruptcy judge, however, and this court will not over-

turn a decision to approve a compromise absent a clear showing that the bankruptcy judge abused her discretion. *In re Anolik*, 107 B.R. 426, 429 (D.Mass.1989) (collecting cases). "The cask which encases a judge's discretion, though commodious, can be shattered when a reviewing tribunal is persuaded that the trial court misconceived or misapplied the law, or misconstrued its own rules." *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 727 (1st Cir.1984).

■ A bankruptcy judge has the authority to approve a compromise of a claim pursuant to Bankruptcy Rule 9019(a).[2] The ultimate issue on appeal is whether the bankruptcy court abused its discretion when it approved the compromise, which is a process requiring the bankruptcy court to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr.D.Mass.1985) (*quoting In re Boston & Providence R.R.*, 673 F.2d 11, 12 (1st Cir.1982)). The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. *In re Anolik*, 107 B.R. 426, 429 (D.Mass.1989).

■ After a careful review of the record, and upon consideration of the briefs and oral arguments of counsel, we find no abuse of discretion by the bankruptcy court in its approval of the compromise. As the district court held, the record reveals that before the bankruptcy court approved the Trustee's compromise proposal, it spent considerable time evaluating three of the four factors set forth in *In re Anolik* when it assessed the value to the estate of the compromise proposal.

---

**2.** Bankruptcy Rule 9019(a) provides as follows: On motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and

to such other entities as the court may designate, the court may approve a compromise or settlement.

Although nothing more need be said, we respond specifically to two of appellants' arguments. Both arguments are based on their claim that they, and their attorney, discussed the state court action with the Trustee on March 23, 1992, during the creditors' meeting held pursuant to 11 U.S.C. § 341, and that the Trustee determined the case had no value.

First, appellants essentially contend that the state court action was "abandoned" to appellants by operation of law, within the meaning of 11 U.S.C. § 554(c), because the Trustee had actual knowledge of the state court action when the report of no assets was filed. In support of finding abandonment by operation of law, appellants also point to their claimed oral disclosure as evidencing a lack of fraud and to the Trustee's zero-valuation.

■ Despite appellants' persistent claims, we agree with the district court that the alleged discussion with the Trustee, even if true, has no bearing on the outcome of this appeal. The law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case. *See, e.g., In re Rothwell,* 159 B.R. 374, 377 (Bankr.D.Mass.1993).[3]

■ What matters here is not what the appellants or their counsel said, it is what they did or, rather, failed to do.[4] The state court action was not scheduled as an asset at any time during the bankruptcy proceedings. There is simply no such concept of "assumed abandonment," which is essentially what appellants ask us to find. *Id.* (citing *Vreugdenhill,* 950 F.2d at 526 ("It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to [11 U.S.C.] § 521(1).")); *see also In re Medley,* 29 B.R. 84, 86 (Bankr. M.D.Tenn.1983) (court does not have to address factual question of trustee's knowledge because § 554 makes clear when abandonment occurs). Neither the bankruptcy court, nor the district court, abused their discretion when they rejected appellants' abandonment claim.[5]

Second, appellants contend that because their alleged oral disclosure disproves any intent to commit fraud on the bankruptcy proceedings, their state court action would not be dismissed under our decision in *Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc.,* 989 F.2d 570 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 344, 126 L.Ed.2d 309 (1993).[6]

Without ruling on the merits of whether *Payless,* by itself, would justify dismissal, we find no abuse of discretion by the bankruptcy

---

**3.** Furthermore, by operation of 11 U.S.C. § 554(c) and (d), any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name. *Vreugdenhill v. Navistar Int'l Transportation Corp.,* 950 F.2d 524, 526 (8th Cir.1991) (Chapter 7 debtor who failed to schedule potential claim cannot prosecute the claim after emerging from bankruptcy).

**4.** We note, again, that throughout the state court action begun in 1990 and the Chapter 7 proceedings begun in 1992, appellants were represented by the same attorney. This fact alone amplifies " 'the silence' in [appellants'] bankruptcy record concerning [their state court action], [which] as they say in the vernacular, 'is deafening'." *Payless,* 989 F.2d at 571 (*quoting Oneida Motor Freight,* 848 F.2d at 417).

**5.** In a similar vein, appellants also contend that their state court action would be exempt from the Chapter 7 estate. It is well settled in this

Circuit that "theories not raised squarely in the district court cannot be surfaced for the first time on appeal." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). We therefore treat this argument as unpreserved for appellate review. *Id.* at 22 ("If claims are merely insinuated rather than actually articulated in the trial court, we will ordinarily refuse to deem them preserved for appellate review.").

**6.** In *Payless* we held that where a debtor obtains relief under Chapter 11 of the Bankruptcy Code based on his representations under penalty of perjury that he had no assets other than those scheduled, that debtor is judicially estopped from asserting prepetition claims not disclosed during the bankruptcy case, even though the judicial estoppel might result in a windfall to the defendant. *Id.* For cases recognizing this proposition but distinguishing *Payless* on the facts, *see, e.g., In re Envirodyne Industries, Inc.,* 183 B.R. 812, 824 (Bankr.N.D.Ill.1995); *In re MAI Systems Corporation,* 178 B.R. 50, 54 (Bankr.D.Del.1995).

court when it found that there was "some likelihood" Brooks Drug would prevail in state court based on a *Payless* defense. In addition, we find no abuse of discretion by the bankruptcy court when it took *Payless* into consideration as one of the factors it weighed when it assessed the likelihood of appellants' success were appellants to proceed with the state court action.

We merely add that appellants' argument that they brought the state court action to the Trustee's attention completely overlooks both the importance of the Bankruptcy Code's disclosure requirements and the fact that appellants signed the schedules under penalties of perjury. *Oneida,* 848 F.2d at 416; *In re Giguere,* 165 B.R. 531, 536 (Bankr. D.R.I.1994). Furthermore, whether or not appellants' initial failure to schedule the state court asset was intentional, the glaring fact remains that, but for the investigation made by counsel for Brooks Drug, appellants' failure to list on the schedule the state court action at any time during the bankruptcy proceedings would never have come to the attention of the state court, the bankruptcy court, or the Trustee. As we have already noted, appellants' "silence" here is thoroughly "deafening."

Moreover, assuming arguendo that appellants' state court action was not precluded under *Payless,* appellants' argument would not affect the outcome of this appeal. Even without considering the possibility of dismissal under *Payless,* the record nonetheless reveals a "serious question" regarding appellants' likelihood of success. *In re Anolik,* 107 B.R. at 430. This, coupled with the bankruptcy court's inquiries and findings regarding the inconvenience and expense to the estate in attending the state court action, and the fact that the compromise would provide creditors with an immediate and certain payment of a large percentage of the outstanding debt, illustrates that the bankruptcy court did not abuse its discretion in approving the compromise. *Id.*

For the foregoing reasons, and having found no merit to appellants' other arguments, we affirm the district court's decision, finding no abuse of discretion by the bankruptcy court in its approval of the compromise. Finally, because we view this appeal to have been frivolous, we impose double costs on appellants. The judgment of the district court is affirmed.

*Affirmed.*