86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Roger S. DAVIS, Appellant,
v.
Harold BROWN, D/b/A Hamilton Realty Company, Appellee.
 No. 96-1007.
 United States Court of Appeals, First Circuit.
 June 18, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. George A. O'Toole, Jr., U.S. District Judge]
 Roger S. Davis and Davis & Rubin, on brief pro se.
 Robert Somma, David J. Reier and Goldstein & Manello, P.C., on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant-claimant Roger S. Davis appeals pro se from the district court's affirmance of the bankruptcy court's denial of his motion to reconsider disallowance of his claim against the appellee-debtor, Harold Brown, D/b/a/ Hamilton Realty Co. ("Brown"). "We independently review the bankruptcy court's decision, applying the clearly erroneous standard to its findings of fact and de novo review to its conclusions of law." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir.1995).
 
 
 2
 "A denial of receipt is insufficient to rebut a presumption that proper notice was given, but it does raise a factual issue." In re Eagle Bus Mfg., Inc., 62 F.3d 730, 735 (5th Cir.1995); see also In re Bucknum, 951 F.2d 204, 207 (9th Cir.1991); In re Longardner & Assocs., Inc., 855 F.2d 455, 459 (7th Cir.1988), cert. denied, 489 U.S. 1015 (1989); In re Northeast Office & Commercial Properties, Inc., 178 B.R. 915, 918 n. 1 (Bankr.D.Mass.1995); but see In re Yoder Co., 758 F.2d 1114, 1118 (6th Cir.1985)(holding that testimony of nonreceipt standing alone is sufficient to rebut the presumption of receipt).
 
 
 3
 In response to Davis' denial of receipt, the bankruptcy court properly addressed the factual question of whether the notices were properly mailed. The court found that "an independent mailing agency was used, using the matrix. The address is correct.... I assure you that lots of other people got those notices...." On the basis of those findings, which are not disputed by Davis, it was not clearly erroneous for the district court to conclude that the notices were properly mailed. See Eagle Bus Mfg., 62 F.3d at 735-36 ("To determine if a mailing was accomplished the courts may consider whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service was filed"). Accordingly, the bankruptcy court did not err in ruling that Davis failed to rebut the presumption that he received notice of the objections to his claim and the hearing on the objections. There was no due process violation.
 
 
 4
 The bankruptcy court's denial of Davis' motion for reconsideration is affirmed.