USCA1 Opinion

 

 June 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1007  ROGER S. DAVIS, Appellant, v. HAROLD BROWN, D/B/A HAMILTON REALTY COMPANY, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Roger S. Davis and Davis & Rubin, on brief pro se. ______________ _____________ Robert Somma, David J. Reier and Goldstein & Manello, P.C., on _____________ _______________ __________________________ brief for appellee. ____________________ ____________________ Per Curiam. Appellant-claimant Roger S. Davis appeals __________ pro se from the district court's affirmance of the bankruptcy ___ __ court's denial of his motion to reconsider disallowance of his claim against the appellee-debtor, Harold Brown, D/B/A/ Hamilton Realty Co. ("Brown"). "We independently review the bankruptcy court's decision, applying the clearly erroneous standard to its findings of fact and de novo review to its __ ____ conclusions of law." Jeffrey v. Desmond, 70 F.3d 183, 185 _______ _______ (1st Cir. 1995). "A denial of receipt is insufficient to rebut a presumption that proper notice was given, but it does raise a factual issue." In re Eagle Bus Mfg., Inc., 62 F.3d 730, 735 __________________________ (5th Cir. 1995); see also In re Bucknum, 951 F.2d 204, 207 ___ ____ ______________ (9th Cir. 1991); In re Longardner & Assocs., Inc., 855 F.2d _________________________________ 455, 459 (7th Cir. 1988), cert. denied, 489 U.S. 1015 (1989); ____________ In re Northeast Office & Commercial Properties, Inc., 178 ________________________________________________________ B.R. 915, 918 n.1 (Bankr. D. Mass. 1995); but see In re Yoder ___ ___ ___________ Co., 758 F.2d 1114, 1118 (6th Cir. 1985)(holding that ___ testimony of nonreceipt standing alone is sufficient to rebut the presumption of receipt). In response to Davis' denial of receipt, the bankruptcy court properly addressed the factual question of whether the notices were properly mailed. The court found that "an independent mailing agency was used, using the matrix. The address is correct. . . . I assure you that lots of other -2- people got those notices. . . ." On the basis of those findings, which are not disputed by Davis, it was not clearly erroneous for the district court to conclude that the notices were properly mailed. See Eagle Bus Mfg., 62 F.3d at 735-36 ___ ______________ ("To determine if a mailing was accomplished the courts may consider whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service was filed"). Accordingly, the bankruptcy court did not err in ruling that Davis failed to rebut the presumption that he received notice of the objections to his claim and the hearing on the objections. There was no due process violation.  The bankruptcy court's denial of Davis' motion for reconsideration is affirmed. ________ -3-