208 B.R. 87 (1997)
In re MOORHEAD CORPORATION, MLX Corporation, First Heidie's Inc.
Maria HILL, Appellant,
v.
John A. BURDICK, Jr., Chapter 7 Trustee and Friends of Russells Mills, Inc., Appellees.
BAP No. MW 96-053.
United States Bankruptcy Appellate Panel of the First Circuit.
May 13, 1997.
Andrew G. Lizotte and Hanify & King, Boston, MA, were on brief, for Maria Hill.
Robert A. Fasanella with whom Ann M. Sobolewski and Fasanella, Johnson & Wood, P.C., Boston, MA, were brief, for Friends of Russell Mills, Inc.
John A. Burdick, Jr., and Burdick & Di-Leo, P.C., Worcester, MA, were on brief, for John A. Burdick, Jr., Chapter 7 Trustee.
Before VOTOLATO, GOODMAN and HAINES, Bankruptcy Judges.
PER CURIAM.
Maria Hill, a former principal of debtor Moorhead Corporation, appeals from the bankruptcy court's approval of the trustee's motion to compromise the estate's claim against the Friends of Russells Mills (FORM). For the reasons set forth below, we affirm.

*88 FACTS

Moorhead filed for chapter 11 protection on January 17, 1995. Its case converted to chapter 7 on December 5, 1995. At the time of filing, Moorhead was the plaintiff in a civil action in Massachusetts Superior Court entitled Moorhead Corp. v. Friends of Russells Mills. Inc. et al., Civil Action No. B94-01496.[1]
In May of 1996 an attorney representing Friends of Russells Mills, Inc., (FORM), the state court defendant, offered to settle the suit with payment of $1,000. The trustee accepted FORM's offer, contingent on bankruptcy court approval. The trustee filed a motion seeking the compromise's approval. See Fed.R.Bankr.P. 9019(a). By his motion, the trustee represented that FORM was prepared to vigorously defend the suit, that he had been unable to secure the debtor's former counsel to prosecute the action on a contingent-fee basis, and that a compromise for $1,000 was in the best interest of the estate.
Hill offered to purchase the estate's claim against FORM for $1,500. In response, FORM increased its proposed compromise payment to $2,000. The trustee withdrew his first compromise motion and, although Hill increased her offer to $2,250, he filed a second motion seeking to compromise the estate's claims against FORM, this time in return for FORM's payment of $2,000.00. Hill objected, asserting that she had made a higher offer ($2,250) for the claim and, therefore, that the court should order the trustee to sell it to her.
The bankruptcy court convened a hearing on the trustee's motion on October 3, 1996. The judge first determined that the motion was, indeed, one to compromise. The trustee informed the court that both Hill and FORM were prepared to pay more money, that no procedure had been set-up to accept sealed bids, and that although he was prepared to stand on the motion, a sealed bid procedure might realize a higher payment to the estate. The court stated "[b]idding and overbidding. I think that's enough. This is a motion to compromise. I sense that a sale to someone other than the defendant is going to be more trouble than it's worth."
The court inquired of the trustee as to why the compromise would benefit the estate. The trustee responded that he had reviewed the file, that he could not obtain representation on a contingency basis from the debtor's pre-petition counsel, nor could he afford to pay counsel to litigate on an hourly basis, and that the existence of a Massachusetts statute, Mass.Gen.Laws Ann. ch. 231, § 59H, allowed a special right of dismissal, with the potential for an attorney's fees award, to interest groups such as FORM. The trustee expressed concern that sale of the claim to Hill, a former insider of the debtor, and her expected continuation of the litigation, could end up costing the estate money. Hill pressed her position that a bid procedure should be adopted in light of the fact that she had offered to pay the estate more money than FORM would pay under the compromise. The court approved the compromise.

DISCUSSION
Hill, characterizing the trustee's actions as an attempt to sell an asset of the estate,[2] argues that the bankruptcy judge erred by approving a disposition of the asset that did *89 not realize the largest possible payment to the estate. She contends that, in failing to allow her, as the party offering more money for the estate's claim against FORM, to purchase the asset, the court "did not enable the estate to maximize its return from the assignment of claim."
FORM responds that it and the trustee properly engaged in efforts to settle the lawsuit, and that any attempt by Hill to purchase the estate's interest in the suit should be considered in light of the additional exposure her continuation of the litigation could bring to the estate. The trustee asserts that, contrary to Hill's suggestion, he did not disregard her bid, but instead took into account the delay and expense selling the claim to a former insider could entail. The trustee contends that the court had ample evidence before it of the benefits of the compromise and therefore cannot be found to have abused its discretion in approving it.
1. Jurisdiction.
The bankruptcy court's order approving the compromise is a final order, see Johnson v. Jackson Family Television, Inc. (In re Media Cent., Inc.), 190 B.R. 316, 321 (E.D.Tenn.1994); Kemper Life Ins. Co. v. Bezanson (In re Medomak Canning Co.), 123 B.R. 671, 672 (D.Me.1991), from which appeal to the Bankruptcy Appellate Panel lies under 28 U.S.C. § 158(a), (c)(1).
2. Standard of Review.
The approval of a compromise is within the sound discretion of the bankruptcy judge. Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir.1995). "`The cask which encases a judge's discretion, though commodious, can be shattered when a reviewing tribunal is persuaded that the trial court misconceived or misapplied the law, or misconstrued its own rules.'" Id. (quoting Aggarwal v. Ponce School of Med., 745 F.2d 723, 727 (1st Cir. 1984)). See Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 978 (1st Cir. 1997) (citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 394 (1st Cir.1990), for proposition that abuse of discretion standard equates with a "meaningful error in judgment").
3. Resolution.
Upon the chapter 11 bankruptcy filing, Moorhead's cause of action against FORM became property of the estate. 11 U.S.C. § 541(a)(1). Following conversion, the trustee gained the authority to pursue the cause of action, 11 U.S.C. § 704(1); Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Prods. Co.), 102 F.3d 223, 225 (6th Cir.1996), authority that encompassed the power to compromise, Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 440-41 (6th Cir.1988); In re Media Cent., Inc., 190 B.R. at 321. In determining whether the compromise should be approved, the bankruptcy judge is required to "`assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal.'" Jeffrey v. Desmond, 70 F.3d at 185 (quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr.D.Mass.1985) (additional citation omitted)); see also Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir.1994) (in deciding whether compromise should be approved bankruptcy court determines whether it is fair and equitable and in the best interests of the estate). In making that determination, the judge should consider:
(i) the probability of success in the litigation being compromised;
(ii) the difficulties, if any, to be encountered in the matter of collection;
(iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and,
(iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.
Jeffrey v. Desmond, 70 F.3d at 185 (citing In re Anolik, 107 B.R. 426, 429 (D.Mass.1989)). The judge, however, is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference. In re Media Cent., Inc., 190 B.R. at 321.
The bankruptcy judge presided over what was, admittedly, a summary proceeding. Hill does not argue that more extensive *90 proceedings were required. From the pleadings and argument before him, the judge was aware that: Prior to its chapter 7 filing, Moorhead had expended between $10,000 and $12,000 pursuing its claim against FORM. Moorhead's attorney for that matter was unwilling to continue his representation on a contingency basis, suggesting that the case lacked value sufficient to compensate him in the absence of an hourly fee structure. The estate could not afford to pay counsel to litigate the case on an hourly fee basis. FORM was prepared to defend the suit vigorously, and in fact had filed a special motion to dismiss (as permitted by Mass.Gen.Laws Ann. ch. 231, § 59H)[3] prior to Moorhead's bankruptcy filing. That motion carried with it the potential for an attorney's fees award against the debtor, and sale of the debtor's claim to Hill would result in a continuation of the suit, potentially exposing the estate to such an award. But, when effected, the compromise would end the state court litigation for all time, netting $2,000.00 for the estate and eliminating the possibility of further exposure.
Taking into account the Jeffrey v. Desmond factors, it cannot be said that in approving the compromise the bankruptcy judge "misconceived or misapplied the law, or misconstrued its own rules," Jeffrey v. Desmond, 70 F.3d at 185 (internal quotation omitted).

CONCLUSION
The bankruptcy court's approval of the trustee's motion to compromise is AFFIRMED.
NOTES
[1] By its civil suit Moorhead alleged interference with advantageous business relations, abuse of process, and civil conspiracy against the defendants. The suit followed years of political and legal wrangling over a Moorhead-proposed residential subdivision in Dartmouth, Massachusetts, opposed by FORM.
[2] We note that, although the issue has not been raised by the parties, if Hill is correct that the essence of the bankruptcy court's order was approval of an estate asset sale, as an unsuccessful bidder she more than likely would not have standing to appeal. See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 273 (2nd Cir.1997) (recognizing that, although not an absolute rule, "an unsuccessful bidder . . . usually lacks standing to challenge a bankruptcy court's approval of a sale transaction.") The record discloses no basis on which we could conclude that Hill is a creditor or that she retains any other interest that might confer standing upon her.

However, because we conclude that the court acted well within its discretion in approving the compromise we do not address the question whether Hill, as a putative asset sale bidder objecting to a compromise that disposes of the asset, has standing to appeal.
[3] Mass.Gen.Laws Ann. ch. 231, § 59H provides, in pertinent part:

In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party's acts caused actual injury to the responding party. . . .
. . .
If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. . . .