**Maryam AYAZI, Plaintiff–Appellant,**

**v.**

**NEW YORK CITY BOARD OF EDUCATION, Defendant– Appellee.**

**No. 07–1391–cv.**

United States Court of Appeals, Second Circuit.

March 11, 2009.

**314**

Maryam Ayazi, Elmhurst, NY, pro se.

Norman Corenthal, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY, for Appellee.

PRESENT: Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges, Hon. GERARD E. LYNCH, District Judge.[1]

## SUMMARY ORDER

Maryam Ayazi appeals an award of summary judgment in favor of the New York City Board of Education, and the denial of her motion for reconsideration. In awarding summary judgment, the district court held that Ayazi's bankruptcy filing deprived her of standing to pursue her procedural-due-process claim because it trans- formed that claim to estate property that was never abandoned. *See* 11 U.S.C. § 554(d). On our *de novo* review of a summary judgment ruling, *see Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008), we assume the parties' familiarity with the facts and prior proceedings of this case, which we reference only as necessary to explain our decision.

▮ We find no error in the district court's careful and thorough explication of the law governing abandonment of property of a bankruptcy estate. The trustee never expressly abandoned the claim, and abandonment as a matter of law occurs only when defined procedural preconditions are met, and here they were not. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir.2008) ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed."). Nevertheless, in the unusual circumstances of this *pro se* case, we conclude that dismissal of the case without affording the plaintiff the opportunity to ask the bankruptcy court to reopen the bankruptcy is not the preferable remedy.

Ayazi began this action in 1998, and filed for bankruptcy in 2002. The Board of Education does not dispute that it was aware of the bankruptcy filing. Had the Board promptly raised and notified the bankruptcy trustee of the standing issue, the trustee would have had a clear opportunity either to adopt the plaintiff's lawsuit and pursue the claim on behalf of the bankruptcy estate, or expressly to abandon the claim and permit Ayazi to pursue it. Instead, the Board continued to litigate the

---

1. The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

case on the merits and did not raise the standing issue until 2006, after losing (in part) a motion for summary judgment on the merits. By that time, the bankruptcy case had closed and the statute of limitations on Ayazi's claims had likely passed, such that an independent action by the bankruptcy trustee was essentially precluded.

The strict formalities surrounding abandonment exist for the protection of the creditors. Enforcing those formalities here by dismissing the complaint, however, does not protect the creditors, but rather provides an undeserved windfall to the Board, by eliminating any possibility that either Ayazi or the bankruptcy estate can pursue whatever value the claim has.

Under these circumstances, other courts have afforded plaintiffs the opportunity to ask the bankruptcy court to reopen the bankruptcy case to permit the trustee to determine whether to adopt or abandon the bankrupt plaintiff's causes of action. *See, e.g., Dunmore v. United States,* 358 F.3d 1107, 1110–11 (9th Cir.2004); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir. 1995); *see also EDP Med. Computer Sys., Inc. v. United States,* No. 03 Civ. 3619, 2005 WL 3117433, at *5 (E.D.N.Y. Nov. 22, 2005). That approach permits the bankruptcy court to determine, in its discretion, whether the case should be reopened, or to afford whatever other relief, if any, it deems just and proper, in order to free Ayazi's claim from the bankruptcy limbo where it otherwise resided. *See generally* 11 U.S.C. § 350(b) (providing that case may be reopened "to accord relief to the debtor"); *In re Chalasani,* 92 F.3d 1300, 1307 (2d Cir.1996).

Pursuing this course will not prejudice any party. The Board has no right to a dismissal of a claim that has survived summary judgment, simply because the claim might belong to the bankruptcy estate rather than to Ayazi. The bankruptcy trustee will have the opportunity to pursue the claim for the benefit of Ayazi's creditors—something the creditors would be denied by the simple dismissal of the complaint. And Ayazi would be permitted to pursue her claim, if the bankruptcy trustee determined that further litigation would not be in the interests of the creditors.

For these reasons, the judgment of the district court is VACATED and this case REMANDED with instructions to stay district court proceedings to afford Ayazi an opportunity to move to reopen her bankruptcy case.