In re Saris KAVLAKIAN.

Civil Action No. 09–10106–JLT.

United States District Court, D. Massachusetts.

April 13, 2009.

Stephen J. Gordon Stephen Gordon & Associates, Worcester, MA, for Appellant.

Michael L. Howard, Burlington, MA, Charles P. Kindregan, Mark M. Mulligan, Adam J. Ruttenberg, Looney & Grossman, Boston, MA, for Appellee.

## MEMORANDUM

JOSEPH L. TAURO, District Judge.

### I. *Introduction*

Appellant Mohamad A. Mohamad appeals the bankruptcy court's approval of a settlement between the Trustee and the defendants in an adversary proceeding. For the following reasons, the bankruptcy court's approval of the settlement agreement is AFFIRMED.

### II. *Background*

On May 5, 2006, Sarkis Kavlakian ("the Debtor") filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court in this district. The Trustee appointed by the court subsequently brought an adversary proceeding against a number of parties claiming an interest in real prop-

erty at 56 Webb Street in Lexington, Massachusetts ("the Property"), including the Debtor. The Trustee sought a judgment declaring that the estate owned a one-half interest in the Property and requested permission to sell the Property and retain one-half of the proceeds for the estate. The Trustee claimed that the other one half interest belonged to the Debtor's brother, Alex Kavlakian, and possibly Alex's wife, Angie Kavlakian.

The Property consists of over six acres of vacant land adjacent to the Lower Vine Brook/ Pinard Woods conservation area in Lexington. The Property potentially contains wetlands, which could prevent development on the land and consequently negatively impact its value. The Property is also mostly landlocked, containing only one twenty-five-foot point of access fronting a nearby road and a second, forty-foot point of access abutting the conservation area.[1] The Kavlakian Family Trust, which held the Property for the Kavlakians, originally purchased the Property for $450,000 on March 21, 1988.[2]

The Trustee ultimately reached a settlement with the defendants in the adversary proceeding for the amount of $28,830.40, and a hearing was held regarding the proposed settlement on October 29, 2008. Appellant objected, arguing that the settlement amount was woefully inadequate and failed to protect his interest as the largest creditor.[3] The Trustee responded that the potential wetlands and frontage problems led the town to estimate the Property's

value to be at most $98,000. The Trustee further argued that the land "may well be developable, but somebody would need to spend several hundred thousand dollars in environmental work to figure that out."[4] At the hearing, the court gave Appellant two weeks to submit "an appraisal by a certified licensed appraiser as to what the property is worth as developed, which shall include an analysis of whether the property can be developed, and if so, what are the costs of development."[5]

Appellant submitted an appraisal on November 10, 2008, which estimated the value of the Property at $694,000. But the appraiser based the valuation on the assumption that the Property could be developed, and it failed to analyze whether development was even possible given the likely permitting problems, as the court had requested. The court approved the settlement on November 28, 2008, and Appellant timely appealed.

### III. *Discussion*

■■■ A bankruptcy judge is authorized to "approve a compromise or settlement" in an adversary proceeding by Bankruptcy Rule 9019(a).[6] "The approval of a compromise is within the sound discretion of the bankruptcy judge, ... and this court will not overturn a decision to approve a compromise absent a clear showing that the bankruptcy judge abused her discretion."[7] This abuse of discretion standard reflects an established bankruptcy policy favoring compromises.[8]

---

1. *See* Appellant's App. 49.

2. *See id.* 39.

3. Although Appellant repeatedly indicates that he was the only secured creditor, *see, e.g.,* Appellant's Br. 4, the claims register indicates that Appellant's claim was in fact unsecured, see Appellee's Br., Addendum 2.

4. Appellant's App. 42, Hr'g. Tr. 3:22–24, Oct. 29, 2008.

5. *Id.* 45, Hr'g Tr. 6:11–15, Oct. 29, 2008.

6. *See Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995).

7. *Id.*

■ When reviewing a settlement proposal for approval, the bankruptcy court considers four factors: "(i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views."[9] In weighing these factors, the court should accord some deference to the Trustee,[10] who is a "more appropriate arbiter of the 'best interests' of the chapter 7 estate" than the debtor or individual creditors.[11]

■ Here, the bankruptcy court properly applied the relevant factors [12] and concluded that "the immediate benefit from the settlement far outweighs the risks, delays and costs associated with establishing that the Property, in fact, can be developed."[13] The court made this determination with due deference to the Trustee's judgment that it could take "several hundred thousand dollars in environmental work to figure ... out" whether the Property can be developed.[14] The First Circuit has recognized that "[w]hen augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle."[15] The bankruptcy court, then, was justified in weighing the delays and risks associated with environmental investigation in favor of settlement.

■ The court also gave due consideration to Appellant's interests as the largest debtor. That the court ultimately disagreed with Appellant does not mean Appellant's interests were not adequately considered. "The test is not the desires of the majority as such, but the best interests of the creditors, taking into account their reasonable views."[16] The court responded to Appellant's objection by inviting Appellant to submit a certified appraisal of the property and an analysis of the likely cost of development. But the appraisal submitted by Appellant failed to address the court's primary concern about the likelihood of development, instead making the admittedly "extraordinary assumption" that the Property can legally be developed.[17] The bankruptcy court approved the settlement only after considering Appellant's objection and finding it unresponsive to the Trustee's dilemma. The court thus gave due consideration to all the relevant factors and acted well within its discretion in approving the settlement.

**8.** *See Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.)*, 382 F.3d 68, 71 (1st Cir. 2004); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 212 F.3d 632, 635 (1st Cir.2000); *Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50 n. 5 (1st Cir.1998).

**9.** *Jeffrey*, 70 F.3d at 185.

**10.** *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87, 89 (1st Cir. BAP 1997).

**11.** *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1145 (1st Cir.1992).

**12.** Appellant's App. 36.

**13.** *Id.* 37.

**14.** Appellant's App. 42, Hr'g. Tr. 3:22–24, Oct. 29, 2008.

**15.** *In re Mailman*, 212 F.3d at 635.

**16.** *In re Cajun Elec. Power Coop.*, 119 F.3d 349, 358 (5th Cir.1997).

**17.** Appellant's App. 48.

## IV. *Conclusion*

For the foregoing reasons, the Bankruptcy Court's *Order Approving Settlement of Adversary Proceeding* is AFFIRMED. Parties shall bear their own costs.

AN ORDER HAS ISSUED.