**In the Matter of Hector L. URRUTIA a/k/a Hector L. Urrutia Ortiz, Debtor.**

**Civ. No. 88–1835.**

United States District Court, D. Puerto Rico.

July 16, 1990.

Rodrigo Otero–Bigles, Otero Suro & Otero Suro, San Juan, P.R., for appellant.

Ismael H. Herrero, Jr., San Juan, P.R., for trustee.

## OPINION AND ORDER

FUSTE, District Judge.

Appellant, the law firm of Otero Suro & Otero Suro, has filed a motion seeking relief from our judgment of May 15, 1990, 114 B.R. 342, because it inadvertently omitted legal grounds for relief in the original appeal from the decision of the bankruptcy court. Because we find that the grounds raised in the current motion shed new light on the bankruptcy court opinion, we withdraw our earlier order and grant appellant's request for relief from that judgment.

Fed.R.Civ.P. 60(b) allows a court to relieve a party from a final judgment for mistake, inadvertence, surprise or excusable neglect. A decision to set aside a judgment is discretionary with the court, and may be the result of the balancing of equitable principles. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857 (1969). Although lawyer oversight in preparing an appellate argument normally would not qualify as "excusable neglect," we consider the issues important enough to merit a second look.

Appellant filed a bankruptcy petition on behalf of bankrupt Hector L. Urrutia on

September 4, 1974.[1] Prior to the filing, the bankrupt had agreed to pay a $1,000 retainer to be charged against fees and expenses. Appellant received $700 in advance. On April 10, 1975 appellant filed a Petition for Compensation requesting $6,000 for pre-petition and post-petition services. On April 26, 1988 the bankruptcy court held a hearing examining the petition for attorney's fees.

The bankruptcy court concluded that because appellant was not court appointed it was not entitled to compensation unless the court entered a retroactive, "nunc pro tunc" appointment order. Appellant argued that attorneys for debtors in Chapter VII proceedings do not need to be court appointed. The bankruptcy court, however, apparently disagreed and denied appellant's request for payment.[2] The opinion relied on 11 U.S.C. section 327 regarding the employment of professional persons and Bankruptcy Rule 2014 instructing professionals how to file an application for employment.[3] In a footnote, the bankruptcy court did note that these rules were derived from Bankruptcy Rule 215 of the Bankruptcy Act of 1938 which applies to attorney employment in Chapter X cases. The court, curiously, applied the sections to appellant's case.

On appeal, appellant challenged the court's finding that the sections cited required court appointment of attorneys. We initially affirmed the bankruptcy court, showing how other circuits had read the provisions of Section 1107(b) of the Reform Act of 1978 to require court appointment of attorneys for debtors in possession as well as those employed by trustees. *See* Opinion and Order, Docket Document No. 10. However, the sections cited in appellant's current motion suggest that the Reform Act of 1978 treats "debtors" differently from "debtors in possession", reflecting a difference in treatment between "bankrupts" and "debtors" present under the Bankruptcy Act of 1938.[4]

1. The law governing at the time was the Bankruptcy Act of 1938. Under the Bankruptcy Act of 1938 a person proceeding in a straight bankruptcy liquidation case was called the "bankrupt", and a person or municipality that is proceeding under a debtor rehabilitation chapter (chapters VIII through XIII of the Bankruptcy) a "debtor". Under the Reform Act of 1978, however, the general term "debtor" has superseded the term "bankrupt" and is used for both kinds of cases. 11 U.S.C. Section 101(12), House and Senate Report Comments (H.R.Rep. No. 595, 95th Cong., 1st Sess. 310 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 23 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5809, 6267). The record before the bankruptcy court indicates that the papers referred to appellant's client as the "bankrupt"; consequently, we can infer that appellant filed under Chapter VII.

2. We say apparently because there is no indication in the opinion that the court recognized that the appellant was representing its client in a Chapter VII proceeding other than referring to appellant as attorneys for the "bankrupt".

3. 11 U.S.C. § 327, Reform Act of 1978
   § 327. **Employment of professional persons.**
   (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
   Rule 2014 (Reform Act of 1978)
   Rule 2014. **Employment of Professional Persons.**
   (a) **Application for and Order of Employment.** An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to Section 327 of Section 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

4. As mentioned in footnote 1, *supra*, under the Bankruptcy Act of 1938 Chapter VII petitioners were referred to as "bankrupts" and Chapter VIII–XIII petitioners as "debtors". It appears under the current act, however, those filing under Chapter VII are "debtors" while those filing under Chapter XI are classified as "debtors in possession".

■ Armed with this distinction, we will now address anew the question of whether attorneys for "debtors" or "bankrupts" need court approval before seeking compensation. After surveying the case law we conclude that attorneys for "debtors", as distinguished from attorneys employed by the "trustee" or "debtor in possession", need not under the 1938 act or the current code obtain court appointment before petitioning for attorney's fees. Court appointment has been required where attorneys represent the estate and therefore, are considered officers of the court. *In re Hydrocarbon Chemicals, Inc.* 411 F.2d 203, 208 (3d Cir.1969) (dissenting opinion). However, it is conceivable that after the creation of an estate in bankruptcy, the bankrupt or debtor will still need legal services which ultimately benefit the estate or creditors and for which the debtor's attorney should be compensated. *Id.*

■ This accounts for the difference in requiring court appointment in different types of bankruptcy cases. For example, in a Chapter XI case, the debtor becomes a "debtor in possession" and as such assumes the duties and responsibilities of the trustee. 11 U.S.C. § 1107(a); consequently, if the debtor's pre-bankruptcy attorney is to also become an attorney for the debtor in possession, court approval under section 327 is required. *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983); *see also* Weintraub & Resnick, *Bankruptcy Law Manual* § 6.11[4] (1986). Compensation for pre-petition work or the services rendered during the "gap" between commencement of the attorney-debtor relationship and court approval may be obtained by requesting a "nunc pro tunc" retroactive

approval from the bankruptcy court. *In re Sinor,* 87 B.R. 620, 623 (Bkrtcy.E.D.Cal. 1988); *In re Martin,* 102 B.R. 653, 657 (Bkrtcy.W.D.Tenn.1989).

The procedure is different, however, in a chapter VII case. Much of the work of the attorney for debtor in a Chapter VII liquidation is done at the time of the filing of the petition for relief. However, once the petition is filed, an "estate" consisting of the debtor's assets is created with the "trustee" as its sole guardian. 11 U.S.C. § 704 (Reform Act of 1978). If the debtor's pre-bankruptcy attorney is to continue to serve the debtor after filing for liquidation, the services benefit the debtor, not the estate; consequently, fees must be paid by debtor. Weintraub at 6–56. Accordingly, court appointment is not required before compensation is given as these attorneys theoretically look to the debtor and not to the estate for reimbursement. *Id.*[5]

■ It is the intersection of these two sections that may have been the source of confusion in the court below. The issue that should have been addressed by the bankruptcy court is to what extent may attorneys for the debtor request compensation from the estate when the debtor cannot or does not pay. When appellant sought reimbursement for attorney's fees from the estate, the bankruptcy court characterized the motion as a request for "nunc pro tunc" approval needed to obtain "gap" fees, and denied the motion under those grounds. However, the bankruptcy court could have considered the petition for attorney's fees as a petition for administrative expenses entitled to a priority in distribution by the estate. 11 U.S.C. §§ 330(a), 503(b)(2), 507(a)(1).[6] These sections in the

---

**5.** Attorneys for the debtor must, however, file a statement of compensation paid. *Id.* Courts will scrutinize the validity and reasonableness of these payments under 11 U.S.C. § 329 (formerly section 60(d) of the Bankruptcy Act of 1938). This is the new section highlighted in appellant's current motion.

**6.** These are not the sections appellant claims entitle it to relief in the current motion. Instead, appellant relies on 11 U.S.C. § 329, which stems from section 60(d) of the Bankruptcy Act of 1938. This section, however, applies to prepetition transfers of money from a debtor to his

attorney. Section 329 authorizes a bankruptcy judge to scrutinize the transaction for fraud and further allows him to transfer money from the attorney back to the estate if he notes impropriety. The language does not specifically authorize the opposite, *i.e.,* that money be taken from the estate and given to the debtor's attorney as compensation. Thus, while these newly cited sections in appellant's motion have aided us in discerning the different terminology of the bankruptcy code, it does not provide appellant with a basis for relief. We have discovered that these other sections, authorizing reimbursement

current bankruptcy code are derived from sections 62 and 64 of the Bankruptcy Act of 1938, and Bankruptcy Rule 219, which would have governed appellant's initial petition for attorney's fees.[7] Under these sections courts may authorize reimbursement to attorneys who performed services that ultimately benefited the estate or creditors. *In re Sapphire S.S. Lines Inc.*, 509 F.2d 1242 (C.A.N.Y.1975); *In re Herald–Post*, 21 F.Supp. 231 (D.C.Ky.1937). Courts have also held, furthermore, that attorneys for debtors, as distinguished from attorneys for debtors in possession or trustees, need not obtain court approval before applying for compensation under these sections. *See Matter of Mullendore*, 527 F.2d 1031, 1035 (10th Cir.1975); *In re Roberts*, 46 B.R. 815, 822 (Bkrtcy.Utah 1985).[8]

▪ Section 64(a)(1) of the Bankruptcy Act of 1938, former 11 U.S.C. Section 104,

and Rule 219(c)(1) of the Rules of Bankruptcy Procedure provide that the amount of compensation awarded for the provision of legal services to a bankrupt estate must be reasonable. *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir.1977). In order to objectively weigh the "reasonableness" of attorney's fees, courts have used a multi-factored test to determine adequate compensation. *Id.; see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). In addition, where debtor's attorneys request reimbursement from the estate, the bankruptcy court must insure that these attorneys are compensated only for those services which are (1) professional in nature, and (2) fall within the scope of duties performed by attorneys for debtors but do not duplicate or bypass the responsibilities of the trustee or debtor in possession. *See Cle–Ware Industries, Inc. v. Sokolsky*, 493

for administrative expenses, are alternate code provisions under which appellant may seek compensation.

7. The sections read as follows:
Section 62, Bankruptcy Act of 1938, 11 U.S.C. § 102
§ 102. **Expenses of administering estates; unauthorized sharing of fees; withholding allowances**
\* \* \* \* \* \*
(d) A receiver or trustee or the attorney for any of them, or any other attorney, seeking compensation for services rendered by him in a proceeding under this title or in connection with such proceeding, shall file with the court his petition setting forth the value and extent of the services rendered, the amount requested, and what allowances, if any, have theretofore been made to him. Such petition shall be accompanied by his affidavit stating whether an agreement or understanding exists between the petitioner and any other person for a division of compensation and, if so, the nature and particulars thereof. If satisfied that the petitioner has, in any form or guise, shared or agreed to share his compensation or in the compensation of any other person contrary to the provisions of subdivision (c) of the section, the court shall withhold all compensation from such petitioner.
Section 64, Bankruptcy Act of 1938, 11 U.S.C. § 104
§ 104. **Debts which have priority.**
(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) ... one reason-

able attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, ... to the bankrupt in voluntary and involuntary cases, as the court may allow....
Rule 219, Rules of Bankruptcy Procedure
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED IN A BANKRUPTCY CASE.
\* \* \* \* \* \*
(c) *Factors in Allowing Compensation.*
\* \* \* \* \* \*
(3) *Attorney or Accountant.* Compensation may be allowed an attorney or an accountant only for professional services.

8. We should note a factual distinction between the case of *Matter of Mullendore*, 527 F.2d 1031 (10th Cir.1975), and cases cited therein, from the current case. First, in *Mullendore*, the governing provision allegedly requiring court approval was General Order 44. General Order 44 was later abrogated by Order of Supreme Court effective October 1, 1973. The Rules of Bankruptcy Procedure, Rules 215 and 219, superceded the order. However, the language of the new rules incorporated and elaborated on the language of the earlier general orders. Therefore, those rules, which apply to the current case, must be read in the context of court interpretation of the earlier orders. Indeed, courts examining fee applications under the current code have determined that the provisions of the 1938 Act relating to fees are still in effect. *See In Re Epstein*, 39 B.R. 938 (D.N.M.1984).

F.2d 863, 874–875 (6th Cir.1974).[9] We conclude that these sections provide the proper legal standard to be applied by the bankruptcy court in assessing appellant's petition for attorney's fees.

At the hearing before the bankruptcy judge one of appellant's attorneys testified as to the services provided by the firm on behalf of the debtor. The record does not contain a breakdown of the fees and services for which the estate should compensate appellant. The summary of the attorney's testimony hints that proper accounting of the services rendered may not have been followed. We emphasize that all petitions for compensation must be well documented. *See In re Nation/Ruskin, Inc.,* 22 B.R. 207 (Bkrtcy.E.D.Pa.1982). We REMAND the case to the bankruptcy court to consider the testimony in the context of a petition for administrative expenses and to determine whether the amount requested is documented and reasonable given the services allegedly rendered.

IT IS SO ORDERED.

---

**9.** *Cle–Ware Industries,* 493 F.2d at 876, and *Matter of Mullendore,* 527 F.2d at 1036, n. 9, discuss the functions of attorneys for debtors not in possession in Chapter XI proceedings. Naturally, in the current case, the bankruptcy court must focus on the duties of a debtor's attorney versus that of a trustee in a Chapter VII proceeding. At least one court has found the standards outlined in *Cle–Ware* applicable to Chapter VII cases. *See In re Rhoten,* 44 B.R. 741, 743 (Bkrtcy.M.D.Tenn.1984) ("legal aid which only benefits the debtor personally and which does not relate to debtor's administrative responsibilities are generally not compensable from the estate").