101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Antonio Cordova GONZALEZ, a/k/a Poti, a/k/a El Viejo,
Defendant, Appellant.
 No. 96-1146.
 United States Court of Appeals, First Circuit.
 Nov. 18, 1996.
 
 Carlos Vazquez Alvara, with whom Benicio Sanchez Rivera, Federal Public Defender, and Gustavo A. Gelpi, Jr., Assistant Federal Public Defender, were on brief for appellant.
 Nelson Perez Sosa, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, Jose A. Quiles Espinosa, Senior Litigation Counsel and Edwin O. Vazquez Berrios, Assistant United States Attorney, were on brief for appellee.
 Before TORRUELLA, Chief Judge, COFFIN and CAMPBELL, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 In his appeal from his sentence, appellant contends that the court committed plain error in imposing a $15,000 fine. There was no plain error. The presentence investigation report, while it did not recommend a fine because of defendant's presumed inability to pay it, also indicated that defendant had assets of approximately $21,500 and, in addition, any moneys that he may receive if his ex-wife's bankruptcy case were resolved. We have held that, under the relevant Guidelines, "a fine is the rule--and it is the defendant's burden to demonstrate that his case is an exception." United States v. Savoie, 985 F.2d 612, 620 (1st Cir.1993); see also United States Sentencing Commission, Guidelines Manual, § 5E1.2(a) (Nov.1995). The amount the court imposed was the minimum fine within the applicable guideline range. In the present circumstances, we cannot say the district court's imposition of a fine constituted plain error, as we would need to conclude in order to overturn the district court's action, given appellant's failure to object. See United States v. Dietz, 950 F.2d 50, 55 (1st Cir.1991) ("We have repeatedly ruled, in connection with sentencing as in other contexts, that arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue.") If it turns out that appellant should truly lack the assets needed to pay the fine when required to do so, he can, of course, offer his inability to pay as an excuse then. See 18 U.S.C. § 3569 (1985 & Supp.1996); see also Tate v. Short, 401 U.S. 395, 398 (1971).
 
 
 2
 Affirmed.