In re Carlos Benitez ALFARO

Carlos Benitez ALFARO, Appellant,

v.

Andres Gomez VAZQUEZ

and

Josefina Alayon de Gomez,
Appellees/Cross
Appellants.

BAP No. PR 97–088.

United States Bankruptcy Appellate Panel
of the First Circuit.

June 10, 1998.

·Rodolfo H. Ramos, San Juan, PR, Irving K. Hernandez, on brief, Rio Piedras, PR, for Appellant.

Carlos S. Padro, Ivan D. de Aldrey, on brief, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Appellees/Cross Appellants.

Before: VOTOLATO, Chief Judge, and HILLMAN and VAUGHN, Bankruptcy Judges.

VAUGHN, Bankruptcy Judge.

Debtor/Appellant Carlos Benitez Alfaro ("Debtor") appeals a decision by the Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") granting an Amended Motion for Relief from the Automatic Stay ("motion for relief"), filed by Andres Gomez Vazquez and Josefina Alayon de Gomez ("Appellees"). Second, the Debtor appeals the Bankruptcy Court's decision to deny the Debtor's request to be represented at the hearing by secondary counsel, Attorney Irving K. Hernández.[1] Finally, the Debtor moves this Panel under Local Rule 8005–1 for a stay pending appeal. In response, the Appellees cross-appeal and request that we issue an order prohibiting the Debtor from filing a petition in bankruptcy for a period of at least a year.

For the reasons stated below, we: 1) dismiss as moot the Debtor's motion for a stay pending appeal; 2) dismiss the Debtor's appeal for lack of standing on the issue that the Bankruptcy Court incorrectly denied the Debtor's request that Attorney Irving K. Hernández be allowed to represent him on the motion for relief; 3) affirm the Bankruptcy Court's order granting the Appellees relief from the automatic stay; and 4) deny the Appellees' cross-appeal.

## I. Appellate Jurisdiction

This Panel has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 158(a) and (c), and 1334, and Rule 8001–1(d)(1) of the Local Rules for the Bankruptcy Appellate Panel for the First Circuit. 28 U.S.C. §§ 158(a) and (c) and 1334 (1988 & Supp.1998); 1st CIR. BAP R. 8001–1(d)(1). The parties, pursuant to Rule 8001–1, have elected not to have their appeal heard by the District Court for the District of Puerto Rico. 1st CIR. BAP R. 8001–1(d)(1). Furthermore, this proceeding is a core proceeding which this Panel may hear and determine in accor-

---

**1.** Rodolfo Hernández Ramos, the Debtor's attorney throughout the case, was present at the hear-

ing.

dance with 28 U.S.C. §§ 157(b)(1) and (b)(2)(G). *See* 28 U.S.C. §§ 157(b)(1) and (b)(2)(G) (1988 & Supp.1998).

## II. Background

The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 27, 1997. On July 18, 1997, creditors/Appellees Andres Gomez Vazquez and Josefina Alayon de Gomez filed a Motion for Relief from the Automatic Stay, later amended on July 24, 1997. The Debtor filed his answer to the amended motion on August 8, 1997, and a hearing was held on August 21, 1997.[2]

At the hearing, two attorneys appeared for the Debtor, Rodolfo Hernández Ramos and Irving K. Hernández.[3] Attorney Hernández, who had not filed an application with the Bankruptcy Court, appeared for the Debtor to argue exclusively the motion for relief. The Bankruptcy Court denied the Debtor's request that Attorney Hernández be allowed to argue his motion for relief because counsel had not previously filed an application with the Bankruptcy Court. At that time, counsel did not object to the Bankruptcy Court's ruling. (Hr'g Tr. at 3.) Specifically, Attorney Hernández replied, "Well, Your Honor, we'll just sit down and abide by the rule." (Hr'g Tr. at 3.)

The subject property ("Property") of the motion for relief is co-owned by the Debtor and his sister, Eileen Benítez Alfaro ("Eileen Benítez"). Their mother, Carlota Alfaro Abril ("Carlota Alfaro"), owns a parcel of adjoining property. The Debtor and Eileen Benítez executed a note and mortgage which encumbered the Property in the principal amount of $60,000, payable to the Federal Savings Bank of Puerto Rico, now Banco Santander Puerto Rico ("Santander"). On March 9, 1992, the Debtor, Eileen Benítez and Carlota Alfaro signed a second note. This note, payable to bearer, was in the principal amount of $100,000, payable on or before March 9, 1993. Of the total principal amount, the subject Property secured $20,000, with the balance, $80,000, secured by his mother's property. The Debtor, Eileen Benítez and Carlota Alfaro defaulted on this second note, and Santander obtained judgment in the Superior Court of Puerto Rico against them on February 12, 1992, in a foreclosure action.[4] This matter was eventually settled, and payments were received. On May 30, 1997, the Appellees acquired, though contract, this second note, and were substituted as party-plaintiffs in the foreclosure case.

In addition, on April 19, 1994, the Superior Court of Puerto Rico issued a separate judgment[5] for $120,000 in favor of the Appellees against the Debtor, Eileen Benítez and Carlota Alfaro ("Defendants"). The Defendants, who were given ninety days to pay, defaulted on this judgment, which thus increased to $125,000 with interest.

Since June 20, 1994, and from the time that Santander and the Appellees have attempted to collect on these default judgments, Eileen Benítez, Carlota Alfaro and Natural Spring Waters, Inc., a related company, have filed seven voluntary bankruptcy petitions. The first four petitions were dismissed, one with prejudice. The other three were dismissed by "Order of Dismissal with Prejudice" issued by the Honorable Gerardo A. Carlo on March 17, 1997. Judge Carlo's decision prohibited Eileen Benítez, Carlota Alfaro and Natural Spring Waters, Inc., from filing bankruptcy for one year. This term had not elapsed when the Debtor filed his Chapter 13 bankruptcy petition, three days before the Appellees were scheduled to foreclose on the Property.

---

**2.** The hearing was scheduled originally for August 5, 1997, but the Debtor was not served with the amended motion until August 5, 1997. The Bankruptcy Court granted the Debtor five days to reply to the amended motion, and set a continued hearing for August 21, 1997.

**3.** Although the Debtor was not present at the hearing because of alleged car trouble, his sister and Attorney Ramos were, and for the purposes of this opinion, the Debtor is deemed to have

made the request that Attorney Hernández represent him.

**4.** The judgment ordered defendants to pay Santander $203,333.53, plus interest at 2% over the prime rate and $20,000 in legal fees.

**5.** This matter involved another case filed to foreclose on the second note.

### III. Standard of Review

We review the Bankruptcy Court's conclusions of law *de novo*. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995); *Official Unsecured Creditors' Comm. v. Stern (In re SPM Mfg. Corp.)*, 984 F.2d 1305, 1311 (1st Cir. 1993); *LaRoche v. Amoskeag Bank*, 969 F.2d 1299, 1301 (1st Cir.1992). In addition, findings of fact will be overturned only if they are clearly erroneous. FED.R.BANKR.P. 7052(a); *Jeffrey*, 70 F.3d at 185; *Official Unsecured Creditors' Comm.*, 984 F.2d at 1311.

### IV. Discussion

#### A. Debtor's Motion for a Stay Pending Appeal

Since this appeal attempts to thwart an imminent foreclosure, the Debtor moves this Panel for a stay pending appeal. Rule 8005–1 of the Local Rules for the Bankruptcy Appellate Panel for the First Circuit, "Stay Pending Appeal to Bankruptcy Appellate Panel," provides that:

> All parties shall strictly comply with Fed. R.Bankr.P. 8005 upon the filing of a motion for a stay pending appeal of an order, judgment or decree of a bankruptcy judge.

1st CIR. BAP R. 8005–1.

▇▇▇ Federal Rule of Bankruptcy Procedure 8005 provides that a motion for a stay pending appeal must first be presented to the bankruptcy judge, whose decision is discretionary. FED.R.BANKR.P. 8005.[6] The Debtor, however, did not move for a stay pending appeal before the Bankruptcy Court. Regardless of this procedural defect, however, we dismiss the Debtor's motion for a stay pending appeal since our decision today abdicates the need for stay. *See Manges v. Seattle–First Nat'l Bank (In re Manges)*, 29 F.3d 1034 (5th Cir.1994), *cert. denied*, 513 U.S. 1152, 115 S.Ct. 1105, 130 L.Ed.2d 1071 (1995) (appellate review may be precluded on grounds of mootness).

---

**6.** In determining whether to grant a stay, we use the standard required under that of a request for a preliminary injunction. *See Sunshine Dev., Inc. v. Federal Deposit Ins. Corp.*, 33 F.3d 106, 110–11 (1st Cir.1994) (citing *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir.1991) and

#### B. Whether the Bankruptcy Court Incorrectly Denied the Debtor's Request that Attorney Hernández Be Allowed to Argue the Motion for Relief

Attorney Hernández stated at the hearing on the Debtor's motion for relief that the Debtor had contracted his services only a few days prior. (Hr'g Tr. at 2.) In addition, Attorney Hernández did not state whether his compensation was to be paid directly by the Debtor or by the estate. The Bankruptcy Court denied the Debtor's request that Attorney Hernández be allowed to represent him on the basis that Attorney Hernández had not filed an application for employment. (Hr'g Tr. at 2.) Neither Attorney Ramos nor Attorney Hernández objected at that time.

▇▇▇ The Debtor argues on appeal that the Bankruptcy Court's denial of his request to have Attorney Hernández argue his motion for relief violated his due process rights under the United States Constitution. *See* U.S. CONST. amends. V, XIV, § 1 ("[No] State [shall] deprive any person of life, liberty, or property, without due process of law[.]"). Since the Debtor failed to object at the hearing, we review the Bankruptcy Court's decision for plain error. *United States v. Gonzalez*, No. 96–1146, 1996 WL 663305, at *1 (1st Cir.1996) (per curiam) (citing *United States v. Dietz*, 950 F.2d 50, 55 (1st Cir.1991)).

##### 1. The Debtor's Due Process Argument

The Debtor contends that his due process rights under the United States Constitution were violated because the Bankruptcy Court denied him the assistance of secondary counsel at the hearing on the motion for relief. For the reasons that follow, we find no merit in the Debtor's proffered argument.

###### a. Due Process under the United States Constitution

The United States Constitution protects against the deprivation of "life, liberty, or property[ ] without due process of law."

---

*Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 892 (1st Cir.1988)) (the four elements of a preliminary injunction are "(1) the movant's likelihood of success on the merits, (2) the potential for irreparable injury, (3) a balancing of the relevant equities, and (4) the effect on the public interest").

U.S. CONST. amends. V, XVI § 1. The Debtor contends, without citing any case law, that the Bankruptcy Court violated these august rights when it refused to allow Attorney Hernández to argue his motion for relief.

Without splitting hairs, the Bankruptcy Court did not deny representation, but merely denied secondary representation. This difference is actually of the utmost importance: the Supreme Court held in *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), that "[i]f in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and therefore, of due process in the constitutional sense." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is ... [to] afford [parties] an opportunity to present their objections."); *also Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1978) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (citations omitted).

Not only did Attorney Hernández not object to the Bankruptcy Court's decision denying his request to argue, but the Debtor was represented by his primary attorney at the hearing, who continued on to argue his motion for relief. Although a specific attorney was not heard, the Debtor's argument was not disregarded. Furthermore, the Debtor has no constitutional hook to hang his hat on, especially since he has not shown any tangible harm that resulted from this denial. *See* discussion *infra* Part IV.B.1.c.

### b. Rights to Attorneys under the Bankruptcy Code

Generally speaking, the Bankruptcy Code contains no provisions either prohibiting a debtor from being represented by more than one attorney in a Chapter 13 case, or requiring that additional counsel file an application. 11 U.S.C. § 327 (1988 & Supp.1998); *In re Mowers*, 160 B.R. 720, 722–723 (Bankr.

N.D.N.Y.1993) ("[A] Chapter 13 debtor [need not] seek appointment of additional counsel pursuant to Code § 327. At a minimum, however, ... an attorney appearing for a party in a case under the Code shall file a notice of appearance ... unless the attorney's appearance is otherwise noted in the record.") (citing FED.R.BANKR.P. 9019(b)). Attorney Hernández stated his appearance on the record. (Hr'g Tr. at 2.)

■ In addition, the Bankruptcy Code does not require that attorneys who represent Chapter 13 debtors, as opposed to trustees or attorneys who represent debtors-in-possession, file applications with the court for approval. *See* 11 U.S.C. §§ 327 (employment by trustee of disinterested attorneys, accountants, and others), 328 (limitations on compensation), 330 (compensation for services and reimbursement of expenses for officers of the estate), 1107(b) (a Chapter 11 debtor-in-possession may employ an attorney or accountant with court approval), 1203 (a Chapter 12 "debtor[-]in[-]possession shall have all the rights, other than the right to compensation under section 330, and powers ... of a trustee"), and 1303 (a Chapter 13 debtor has concurrent powers with the trustee). *See also* FED.R.BANKR.P. 2014 (an order approving employment under section 327, 1103 or 1114 of the Bankruptcy Code shall be made on upon application of the trustee) and 5002 (restrictions on approval); *In re Jarvis*, 53 F.3d 416 (1st Cir.1995) (a *post facto* application may be granted for extraordinary circumstances, such as whether the applicant was under time constraints to begin service); *In re Urrutia*, 137 B.R. 563, 566 (D.P.R.1990) ("[A]ttorneys for 'debtors,' as distinguished from attorneys employed by the 'trustee' or 'debtor[-]in[-]possession,' need not[,] under the 1938 act or the current code[,] obtain court appointment before petitioning for attorney's fees.").

### c. The Debtor Has No Standing to Appeal an Alleged Violation of his Due Process Rights

■ Yet, although the Bankruptcy Court erred in denying Attorney Hernández's representation on the motion for relief because he previously did not file an application, *see*

discussion *infra* Part IV.B.1.b., the Debtor has not shown any identifiable harm that resulted. Therefore, the Debtor has no standing to appeal the Bankruptcy Court's decision. *See* FED.R.BANKR.P. 8001; *Mark Bell Furniture Warehouse, Inc. v. D.M. Reid Assocs., Ltd. (In re Mark Bell Furniture Warehouse, Inc.)*, 992 F.2d 7, 9 (1st Cir.1993) (citing *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 1001 (1st Cir.1992) (" 'standing' requires, inter alia, 'personal injury fairly traceable to the allegedly unlawful conduct' "), and *In re Lovitt*, 757 F.2d 1035, 1039 (9th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985)); *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.") (internal citations omitted); *accord Abbott v. Daff (In re Abbott)*, 183 B.R. 198 (9th Cir. BAP 1995) (Standing to appeal is based on the "person aggrieved test," and only an entity who can "demonstrate that the order diminished its property, increased its burdens or detrimentally affected its rights" has standing to appeal.).

The Debtor has not alleged, nor has he shown, that he suffered any harm as a result of the Bankruptcy Court denying his request that Attorney Hernández be allowed to represent him. The Debtor only states that the Bankruptcy Court erred. This "mere error" platform is too unsturdy to support the Debtor's standing, however, and we dismiss the Debtor's due process appeal.

C. Whether the Bankruptcy Court Inappropriately Considered the Debtor's Inability to Reorganize in Deciding to Grant the Appellees' Motion for Relief

The Debtor argues that he was not put on notice that issues pertinent to dismissal would be entertained by the Bankruptcy Court at the hearing on a motion for relief from stay. In addition, the Debtor asserts that the motion for relief improperly combined with it a motion to dismiss. D. Puerto Rico Rule 4001(2) ("No motion for relief from stay shall be combined with a request for any other type of relief unless so authorized by the Court.").

■ First, we note that the motion for relief contains direct references to the Debtor's lack of good faith in filing the petition. (*See* Am. Mot. ¶¶ 16, 17 ("Lack of good faith may constitute cause for dismissal of a petition under section 1307[c] of the Code as well as cause to lift the stay under 362(d)."), 18, 21, 23, 24, and Conclusion.) Specifically, the conclusion to the Appellees' Amended Motion for Relief from the Automatic Stay states:

Debtor's filing of the present case is part of a concerted and coordinated effort with his mother and sister to stall movants' efforts to complete the foreclosure sale of two adjoining real properties owned by debtor and said close relatives. This filing should be considered as done by the same entity that has already filed seven other Chapter 11 cases. As such[,] it should be treated as a part of serial filing done ( [i] ) In violation of the order issued on March 17, 1997, by Judge Gerardo Carlo ..., and (ii) in bad faith without any valid opportunity of reorganization and with the only intention of stalling movants' foreclosure sale. Accordingly, such acts constitute cause within the prescribes of 11 [U.S.C. § ] 362(d)(1), entitling movants to relief from stay, so that they may enforce their liens against the debtor's real estate. Alternatively[,] debtor's actions also constitute cause for the dismissal of the case with prejudice pursuant to 11 [U.S.C. §§ ] 1307(c), 109(g)(1) and 105(a).

(Am. Mot. at 11.) These references were hardly recondite—they squarely placed the merits of the Debtor's case at issue. Even the Debtor's brief submitted on appeal states that "[t]he creditors then specifically allege lack of good faith [as] a cause for the dismissal of a petition of bankruptcy as well as cause to l[i]ft the automatic stay." (Debtor's Brief at 4.) Thus, this Panel concludes that the Amended Motion for Relief from the Automatic Stay sufficiently announced that the issue of good faith was in dispute.

Second, we note that the Debtor appended an agreement executed May 26, 1997, between Ms. Benítez and Soler in his Answer to Amended Motion for Relief from the Auto-

matic Stay ("Answer"). The Bankruptcy Court based its decision that the Debtor had no ability to reorganize on this agreement and Ms. Benítez's testimony. Third, the Debtor's Answer submits three affirmative defenses, the second of which reads:

> The proposed plan in this case has been one elaborated in good faith with the intention of paying the mortgage to movant and the lump sum payments that will be submitted will stem from an[n]ual disbursements from the sale of a property (please see copy of the documents of said sale attached).

(Answer at 3, Affirmative Defense # 2.) Finally, Attorney Ramos, the Debtor's counsel, stated that the "motion [to] dismiss [was] based from the multiple filing[s] by his sister and mother. In this motion, movant can combine those two cause[s] of action[ ]...." (Hr'g Tr. at 26–7.)

█ The Bankruptcy Court relied solely on the evidence presented at the hearing, including the Debtor's Chapter 13 plan, to determine that the Debtor had no ability to reorganize. The plan, the Bankruptcy Court noted, provided for payments of $200 per month for fifty-five months, and a $520,000 contribution by the Debtor's sister, Eileen Benítez, over a five-year period, to be paid in five equal lump-sum payments. (Hr'g Tr. at 37–8.)

Referring to Eileen Benítez's testimony and the agreement ("Agreement") entered into between her and Angel Nelson Soler ("Soler") to sell certain assets belonging to two corporations, "Le Marie, Inc." and "Natural Water Resources, Inc.," the Bankruptcy Court found that the Agreement, under which Ms. Benítez was to pay the Debtor $104,000 a year, was speculative at best.[7] (Hr'g Tr. at 39.) In addition, Ms. Benítez did not pay the Debtor the $22,000 deposit from Soler. (Hr'g Tr. at 38.) Therefore, the Bankruptcy Court concluded that the only payments on which it could rely were the $200 monthly contributions by the Debtor, payments that were insufficient to pay the secured creditors "held at bay since 1993...." (Hr'g Tr. at 39.)

We have reviewed the Agreement, the transcript, the motions and counsels' briefs. Under the clearly erroneous standard, there is no reason to disagree with the Bankruptcy Court's decision that this plan is not feasible based on the evidence. FED.R.BANKR.P. 7052(a); *Jeffrey*, 70 F.3d at 185.

█ The Debtor also argues on appeal that the Appellees combined a motion for relief with a motion to dismiss, which violates Local Rule 4001(a)(2) for the District of Puerto Rico. D. Puerto Rico Rule 4001(a)(2). However, the Debtor never objected to the motion for relief on this basis at the hearing. Moreover, the Debtor appended the Agreement, a defense to lack of good faith and evidence that he could reorganize, to his own Answer, and submitted certain affirmative defenses grounded in good faith. Therefore, the Debtor is precluded from now asserting this objection to the Appellees' motion for relief. The Bankruptcy Court's order granting the motion for relief is affirmed.

### D. Whether the Debtor Should Be Prohibited from Filing Another Bankruptcy Petition for at least One Year

The Appellees cross-appeal and invite this Panel to issue an order prohibiting the Debtor from filing another bankruptcy petition for at least one year. As evidence, the Appellees submit that Judge Carlo, in his March 17, 1997, order prohibited the Debtor's sister, mother and Natural Spring Waters, Inc., a related company, from filing bankruptcy for at least one year. The Appellees contend that the Debtor's June 27, 1997, petition should be treated as the "eighth" petition and thus filed in bad faith. We decline the Appellees' invitation.

█ This Panel will not disturb the Bankruptcy Court's findings to enlarge its identification of the banned debtors. The Debtor was not included in Judge Carlo's March 17, 1997, order, and the Bankruptcy Court did not find that the Debtor was the same entity

---

**7.** Ms. Benítez testified that the sale proceeds would fund the Debtor's plan. Under the Agreement, Soler's capital contribution of $1.5 million dollars had to be paid first before Ms. Benítez could realize profits from the business.

as his mother, sister or Natural Spring Water, Inc. We will not upset the Bankruptcy Court's findings. *See Jeffrey,* 70 F.3d at 185 (findings of fact will be overturned only if "clearly erroneous").

### V. Conclusion

We have carefully reviewed the record, briefs, exhibits, and case law, and 1) dismiss the Debtor's motion for stay pending appeal as moot; 2) dismiss the Appellees' cross-appeal; and 3) dismiss the Debtor's appeal concerning the Bankruptcy Court's alleged error in denying Attorney Hernández's representation. With regard to the Debtor's due process complaint, although it appears that the opposing party would have suffered no prejudice had the Bankruptcy Court allowed Attorney Hernández to argue the Debtor's motion, the Debtor has not alleged any harm that resulted from the abjuration. Finally, the Bankruptcy Court's judgment granting the Appellees' motion for relief is affirmed.

**SO ORDERED.**