**In re Sylvia Viola YOUNG, Debtor.**

**No. 98–1–7615–DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Oct. 23, 2002.

Diana C. Theologou, Rose and Associates, Baltimore, MD, for debtor.

Marc E. Shach, Baltimore, MD, Kathleen D. Schmitt, Greenbelt, MD, for United States Attorney.

Alexander Gordon, IV, Easton, MD, for debtor's former attorney.

## MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

The United States Trustee filed a motion to disgorge attorney's fees paid to Robert J. Haeger, Esquire, as attorney for the debtor in this chapter 13 case. Subsequently, attorney Haeger filed a final fee application in this case for additional fees. An objection to the final fee application was filed by the debtor through debtor's current attorney, Diana Theologou, Esquire. Both of these matters were heard by the court at an evidentiary hearing on April 15, 2002. At that hearing, attorney Haeger withdrew the final application for compensation and the court, for the reasons set forth on the record, denied the United States Trustee's motion for disgorgement.

An Order denying motion for disgorgement was entered on May 1, 2002. On Monday, May 13, 2002, the United States Trustee filed a motion for reconsideration of the Order denying motion for disgorgement. A response opposing the motion for reconsideration has been filed by attorney Haeger.

The court finds that a hearing would not aid in the decision of the motion for reconsideration. The motion shall be considered pursuant to Federal Rule of Bankruptcy Procedure 9023,[1] incorporating Federal Rule of Civil Procedure 59. For the reasons set forth herein below, the motion for reconsideration shall be denied. To the extent the conclusions set forth herein revise, augment, or clarify the oral findings and conclusions set forth by the court on the record on April 15, 2002, said revisions further support the denial of the motion for disgorgement.

Although Rule 59(e) does not set forth a standard to be applied when considering a motion to alter or amend, the United States Court of Appeals for the Fourth Circuit has recognized the following three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2)

1. Hereafter, all references to Rules are to the Federal Rules of Bankruptcy Procedure unless otherwise noted.

to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union,* 34 F.3d 233, 236 (4th Cir.1994)(quoting *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993)).

The motion for reconsideration raises two issues that the United States Trustee asserts require this court to amend its Order denying the motion for disgorgement. The United States Trustee argues that a formal application for compensation was required to be filed by attorney Haeger and the absence of such filing is fatal to the allowance of attorney's fees. In other words, the United States Trustee argues that until attorney Haeger files such an application, his fee should be denied.

Secondly, the United States Trustee argues that the court misconstrued the evidence at the hearing and did not enforce a contractual provision for a "discount" of $600.00, that the United States Trustee asserts was proven by the evidence.

The search for a workable and legitimate procedure for allowance and review of attorney's fees for counsel to the debtor in a chapter 13 case has been the subject of a number of opinions in other courts as commented upon hereinafter. Unlike a debtor in a chapter 11 case, the chapter 13 debtor does not stand in the shoes of a trustee.[2] Consequently, the attorney for the debtor is not employed as counsel to the trustee administering the estate. The employment of debtor's counsel is not subject to prior approval pursuant to 11 U.S.C. § 327,[3] and compensation by the estate is not authorized under Section 331 or Section 330(a)(1).[4] However, Section 330(a)(4)(B) provides:

---

**2.** While 11 U.S.C. § 1107(a) provides that a debtor-in-possession in chapter 11 shall have virtually all of the rights of a Trustee and shall perform all the function duty and duties of the Trustee (with limited exception), 11 U.S.C. § 1303 grants very limited rights and powers of a Trustee to the chapter 13 debtor. *See e.g., The Travelers Indemnity Company of Illinois, Inc. et al. v. Griner (In re Griner),* 240 B.R. 432, 436 (Bankr.S.D.Ala.1999) ("[T]he Bankruptcy Code did not make chapter 13 cases exactly like chapter 11 cases. Section 1107 gives a chapter 11 debtor the powers of a chapter 7 trustee, including the power to 'collect and reduce to money the property of the estate.' There is no parallel provision in chapter 13."). *See also* Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed., § 40–5 (2000 & Supp.2002) ("[Section 1303] gives the Chapter 13 debtor exclusive rights and powers to use, sell and lease property of the estate under § 363. This section may be more important for what it doesn't say—it does not reference any other section of the Bankruptcy Code that would be available to a trustee under Chapter 7 or to a debtor-in-possession under Chapter 11.")

**3.** Hereafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

**4.** Section 331 provides:
[A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.
11 U.S.C. § 331 (in part).
Section 330(a)(1) provides:
After notice to the parties in interest and the United States Trustee and a hearing and subject to sections 326, 328, and 329, the court may award to a ... a professional person employed under section 327 or 1103—
(A) reasonable compensation for actual, necessary services rendered by the ... attorney; and

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

 Section 503(b) further states that compensation and reimbursement awarded under Section 330(a) shall be allowed as an administrative expense. Thus, where compensation is approved to debtor's attorney in a chapter 13 case, pursuant to Section 330(a)(4)(B), that compensation may be paid through the plan of reorganization.

Courts have struggled with the question of what procedure is required for this result. Most chapter 13 cases involve relatively modest fees and, at least in this district, there is an overwhelming number of cases. A large percentage of these cases involve counsel being paid a flat fee for work in the case related to filing of the case and to confirmation of the plan. In some cases the entire fee is collected by counsel before the filing of the petition, while in other cases counsel are willing to begin the work upon a partial payment with the remaining unpaid portion of the flat fee to be included as a disbursement under the plan.

Rule 2016(b) requires that counsel for the debtor must file and transmit to the United States Trustee, a disclosure of compensation as required by Section 329.[5] Rule 2016(b) further requires that a supplemental statement shall be filed and transmitted to the United States Trustee within 15 days after any payment or agreement not previously disclosed. In most cases where counsel for the debtor is charging a flat fee, the disclosure statement required by Rule 2016(b) is the only document filed in the case concerning debtor's counsel's fee, other than a provision for payment in the plan of reorganization. In most such plans the reference in the plan is often "generic" language to the effect that the chapter 13 Trustee shall disburse the unpaid balance of attorney's fee owed to counsel for the debtor. Reportedly, some chapter 13 Trustees have "required" that attorneys seeking to be paid the balance of a flat fee by distributions under a plan must file a proof of claim for such unpaid balance.[6]

In the instant case, attorney Haeger filed a Rule 2016(b) disclosure of compensation at the outset of the case disclosing that his fee arrangement with the debtor was based upon an hourly charge and not a flat fee. Subsequently, the debtor filed an amended plan of reorganization which provided in part:

Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to

---

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 331(a)(1) (in part).

5. Section 329(a) requires:
Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the

petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
11 U.S.C. § 329(a). Local Bankruptcy Rule 2016–1(b) requires the compensation disclosure statement be filed with the petition commencing the bankruptcy case.

6. For reasons discussed hereinafter there appears to be no legal support for such a requirement.

priority under 11 U.S.C. >[sic] 507, including . . .

Attorney's fees to be paid through the Plan: $2,250.00 . . . . The Trustee shall satisfy the allowed claim of debtor's counsel, if any, before any other distribution is made under the Plan.

Debtor's Amended Chapter 13 Plan, December 2, 1998, at 1, 3. The plan was served on, *inter alia,* the chapter 13 Trustee and the United States Trustee. No objection to this provision in the proposed plan was made by any party and the plan was confirmed after a hearing held on December 8, 1998.

After distributions were made by the chapter 13 Trustee to attorney Haeger in conformity with the confirmed plan, the United States Trustee brought his motion to disgorge fees. The United States Trustee's motion for disgorgement asserted that attorney Haeger had failed to file a formal application for allowance of compensation and that the fees were higher than reasonable.

Rule 2016(a) requires that any entity seeking compensation for services or reimbursement of expenses from the estate in bankruptcy shall file an application setting forth a detailed statement of services rendered, time expended and expenses incurred as well as the amounts requested. On its face this Rule would appear to apply across the board, including to the unpaid balance of flat fees disclosed at the outset of a multitude of cases. This has not been the practice in this district. Instead, some standing chapter 13 Trustees have required debtors' attorneys to file proofs of claim asserting a "claim" for the unpaid balance of the fee, as a prerequisite to distribution from the plan.

The court can find no basis for the use of a proof of claim to assert what is a post-petition debt for post-petition attorneys' fees. · A creditor asserts a pre-petition claim by the filing of a proof of claim. 11 U.S.C. § 501(a). Pursuant to Section 502(a), a proof of claim is deemed allowed unless a party in interest files an objection.

In contrast, allowance of administrative expenses is governed by Section 503(a) which provides that "[a]n entity may timely file a request for payment of an administrative expense . . . ." Subsection (b) provides that the court shall allow administrative expenses as described therein "[a]fter notice and a hearing." Moreover, Rule 1019(6) regarding the filing of requests for payment of administrative claims in converted cases, lends some insight into the process. The Notes of the Advisory Committee on 1999 amendments to that Rule provide in part:

> *Note to Subdivision (6).* Subdivision (6) is amended to provide that a holder of an administrative expense claim incurred after the commencement of the case, but before conversion to chapter 7, is required to file a request for payment under § 503(a) within a time fixed by the court, rather than a proof of claim under § 501 and Rules 3001(a)–(d) and 3002.

11 U.S.C. § 1019 advisory committee's note.

The court notes that while arguing that Rule 2016(a) absolutely applies to the instant case, it does not appear that the United States Trustee is asserting that a formal fee application should be required in all cases involving unpaid flat fee balances. The United States Trustee points to practices in other courts where local rules dispense with application requirements for flat fees below set amounts.[7]

---

**7.** In his Memorandum, the United States Trustee notes (seemingly with approval) the

practices of the bankruptcy courts in the Central District of California and the Northern

In dealing with this question, other courts have adopted local practices whereby fee applications pursuant to Rule 2016(a) are not required unless the fee charged will exceed an amount already determined as a reasonable amount by the court or upon objection by another party. For example, the case of *In re Pedersen,* 229 B.R. 445, 447–449 (Bankr.E.D.Ca. 1999) [8] describes the practice in the Eastern District of California where the court has passed a General Order providing a "streamlined" procedure for attorneys' fees in chapter 13 cases. The General Order provides, *inter alia,* that an attorney seeking payment in excess of the amount set by the court (in 1999 that amount was $1,750.00 for a non-business case), may file a motion requesting additional fees. *Id.* at 448.[9] In addition, upon an objection by an interested party to the fees sought by an attorney in the case, the attorney would be required to file and serve a fee application required by Rule 2016(a). *Id.*

██ Although the facts of the instant case arise in the absence of such court guidelines or general orders, this court finds that the purposes of Rule 2016(a) are satisfied without the filing of a separate document entitled application for compensation, where the fee is a flat fee, and is fully disclosed by the original Rule 2016(b) disclosure.[10] For example, if an attorney discloses that the fee is $1,200.00 for filing the petition, plan and other required documents and for representing the debtor at the section 341 meeting and hearing upon confirmation, but that additional fees will be charged to undertake or defend contested matters, and further discloses that $650.00 of the flat fee has been received leaving a remaining balance of $550.00 to be paid, this court will not require a separate application for the $550.00 balance. If no party in interest (including the chapter 13 Trustee and United States Trustee) objects to the allowance of the fee and a plan is confirmed that provides for distribution to pay the balance due to debtor's attorney, the chapter 13 Trustee is authorized to make that disbursement.

To require a separate application under the circumstances described in the preceding paragraph would elevate form over substance and burden thousands of case files without useful purpose. Where the fee is a set amount ("flat fee") and the exact amount of the fee, the work to be done for that fee, and the exact amount of the balance of that fee to be paid post-petition are all set forth in the Rule 2016(b) disclosure, all of the information necessary for the court and parties in interest to initially review the fee are revealed. A redundant paper with the title of "application" is not required.

District of Georgia, which courts allow attorneys to forego filing a formal fee application under Rule 2016(a) when the flat fee charged is less than a pre-set threshold.

While permitting attorneys obtaining a flat fee below a threshold level to proceed without filing a formal application for allowance, the Guidelines of the United States Bankruptcy Court for the Central District of California require that counsel file a "Rights and Responsibilities Agreement..." which contains certain detailed specific undertakings by client and by counsel.

8. The *Pedersen* court also included references to other courts which have adopted similar practices. *Id.* at 448.

9. However, much like the guidelines in the Central District of California, the General Order also requires counsel to satisfy detailed standards of performance.

10. The decision herein does not foreclose any different procedural requirements that may in the future be adopted by the United States Bankruptcy Court for the District of Maryland.

However, if the fee is not entirely a flat fee, but rather has any hourly rate or unliquidated feature, a formal application under Rule 2016(a) is required as a prerequisite to allowance as an administrative expense that can be distributed under a plan. Also, in a flat fee case, if counsel does work outside the scope of the flat fee and seeks additional compensation from the estate,[11] an application must be filed seeking court approval of the additional fee.

■ Notwithstanding the requirements set forth hereinabove, the United States Trustee's demand that attorney Haeger file an application for allowance of fees in this case is rejected as cause to reconsider and vacate this court's Order denying the United States Trustee's motion to disgorge. To require a separate application at this point in the jurisprudence of this case would be an unnecessary redundancy. The amount of the fee charged by attorney Haeger has been known to the United States Trustee since service of the plan of reorganization containing the specific provision for payment of the remaining balance owed. The United States Trustee did not object to confirmation but filed his motion to disgorge after confirmation of that plan.

At the evidentiary hearing upon the United States Trustee's motion to disgorge, attorney Haeger introduced 73 exhibits including a detailed break down of the time spent by attorney Haeger on this case and the basis for the charge of the fee. A subsequent separate application for allowance would simply summarize the detailed information already a matter of record in this case.

The United States Trustee also argues that the application is necessary because the United States Trustee did not have the opportunity to review the information introduced into evidence, prior to the hearing. It appears the United States Trustee is arguing that an application is now necessary to retroactively cure what is now asserted to be surprise at the hearing. No issue of surprise was raised by the United States Trustee at the hearing. The United States Trustee had the opportunity to undertake discovery prior to the evidentiary hearing[12] and could have learned of all of the information that was introduced into evidence in opposition to United States Trustee's motion to disgorge.[13]

In addition, the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan. 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan"); *In re Hallmark*, 225 B.R. 192 (Bankr.C.D.Ca.1998) (ruling that despite subsequent application and approval of attorney's fees by debtor's counsel, he was

---

11. Because property of the estate includes post-petition earnings of the debtor in a Chapter 13 case, payment of additional fees by the debtor is not outside the Rule requirement. 11 U.S.C. § 1306(a)(2) ("Property of the estate includes, in addition to the property specified in section 541 of this title. (2) earnings from services performed by the debtor after the commencement of the case ....."). *See also In re Courtois*, 222 B.R. 491, 493 n. 2

(Bankr.D.Md.1998) ("Debtor's earnings, wages, and compensation are property of the Chapter 13 bankruptcy estate").

12. *See* Rule 9014 and its reference to, *inter alia*, Rules 7026 and 7028–7036.

13. The hearing was conducted six months and ten days after the filing of the motion to disgorge.

not entitled to distributions under the plan where terms of plan provided that payment of attorneys' fees would be $0.00). *See also In re Varat Enterprises, Inc.,* 81 F.3d 1310 (4th Cir.1996) (holding in chapter 11 case that order confirming plan was res judicata on the issue of attorney's fees provided for in the debtor's plan). The plan did not contain generic language simply providing that the chapter 13 Trustee pay allowed fees of counsel for the debtor, as an administrative expense. Instead the plan set forth the specific amount of the payment to debtor's counsel to be made by the chapter 13 Trustee as a disbursement under the plan.

■ Matters determined by confirmation are res judicata and cannot be relitigated, except where a separate adversarial proceeding is required to accomplish the acts set forth in the plan. The requirement for a separate adversarial proceeding was articulated in *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995). In the recent case of *Banks v. Sallie Mae Svg. Corp. (In re Banks),* 299 F.3d 296, 301–303 (4th Cir.2002), the court applied the requirement, ruling that confirmation of debtor's chapter 13 plan providing a discharge of post-petition interest payments on student loan obligation was not entitled to preclusive effect. Nondischargeability of student loans is more properly the subject of an adversary proceeding by which lender would receive "service" as opposed to less formal "notice". *Id. See also Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir.1993) (finding that confirmed plan was not preclusive as to an objection to claim contained therein, without sufficient and clear notice to claimant of the intent to determine claim during confirmation process).

The United States Trustee argues that the allowance of compensation is such an adversarial proceeding and cannot be determined solely by confirmation and thus is not precluded by the doctrine of res judicata. This court must disagree.

The allowance of compensation pursuant to Section 330(a) is an administrative procedure unless contested. Unlike the actions enumerated in the above-cited cases that seek to alter or nullify established rights of specific targeted parties, the allowance of fee does not fall within the category of acts requiring a separate adversarial proceeding. Consequently, the doctrine of res judicata applies to the provision for specific attorney's fees set forth in the chapter 13 plan.

■ Even if res judicata did not apply and this court were to review the fee on the basis of reasonableness, under Sections 329 and 330(a)(4)(B), for the reasons set forth on the record in deciding the United States Trustee's motion to disgorge, the court determined that the fee was reasonable. The United States Trustee's argument in its motion for reconsideration is that the court erred in this determination by not imposing a $600.00 discount. The United States Trustee is simply incorrect, based upon the evidence presented.

The discount that the United States Trustee argues should have been found applicable to the attorney's fee claimed by attorney Haeger was the subject of scant evidence. When asked by the United States Trustee's counsel, "[D]id Mr. Haeger represent that you would get any special price being referred from this mortgage assistance program?", the debtor responded "... he said there was a discount, that he always gives people who comes [sic] to those associations a discount. I can't remember how much it was." (Tr., April 15, 2002, at 52:25—53:5). Thereafter, counsel for the United States Trustee referred the debtor to Respondent's Exhibit 7 which the debtor acknowledged was the fee agreement that

the debtor had signed at attorney Haeger's office. A review of Respondent's Exhibit 7 reveals that there is no reference to a discount.

Furthermore, as testified to by attorney Haeger and reflected in Respondent's Exhibit 13, attorney Haeger demonstrated that the time spent on the case was significantly in excess of the fees requested and allowed by this court in the Order denying the United States Trustee's motion to disgorge. Apparently, the United States Trustee in his motion for reconsideration now argues that in addition to the discounts demonstrated by Exhibit 13, the Respondent was obligated to add another $600.00 discount to the discretionary discounts which already exceed $600.00. Simply put, the evidence does not support the United States Trustee's position in this regard.

The lengthy testimony of attorney Haeger, and the detailed exhibits admitted into evidence in this matter support the reasonableness of the total amount of $3,100.00 received by attorney Haeger. The United States Trustee's motion fails to point to credible evidence that demonstrates that the court erred in this conclusion.

In summation, an application for allowance of fees is required pursuant to Rule 2016(a) in a chapter 13 case for any post-petition fee sought, other than a flat fee fully disclosed in the Rule 2016(b) statement filed at the outset of the case. However in this case, where the fee was approved by confirmation of a plan containing specific language as to the fee and its amount and a subsequent full evidentiary hearing to determine the reasonableness of the fee has been conducted, the absence of an application does not constitute grounds for an alteration, amendment

or rehearing. Where the plan attempts to set a specific fee, if the Trustee or any party-in-interest wishes to prevent confirmation of the plan from acting as a binding determination as to the amount of fees, an objection to confirmation should be filed.[14]

In the alternative, upon review of the questioned fee at the evidentiary hearing upon the United States Trustee's motion to disgorge, for the reasons set forth on the record the court concluded that the fee herein was reasonable. The United States Trustee's argument that the court erred in that determination is found without merit, as the evidence supports the court's finding.

For the reasons set forth hereinabove, the United States Trustee's Motion to Reconsider this court's Order Denying United States Trustee's Motion to Disgorge will be denied. A separate Order in conformity with this opinion will be entered.

---

14. That objection could include the failure to file an application for allowance where the fee is other than an initially disclosed flat fee.