**In re Samuel Richard HARRIS, Debtor.**

No. 02–33669.

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 8, 2003.

Michael H. Fitzpatrick, Jenkins & Jenkins Attys, PLLC, Knoxville, TN, Maurice K. Guinn, Gentry, Tipton, Kizer & McLemore, P.C., Knoxville, TN, for the Debtor.

Gwendolyn M. Kerney, Knoxville, TN, Chapter 13 Trustee.

## MEMORANDUM ON EMPLOYMENT OF ATTORNEYS FOR THE DEBTOR

RICHARD S. STAIR, JR., Bankruptcy Judge.

The Debtor commenced this Chapter 13 bankruptcy case on July 16, 2002, represented by Michael H. Fitzpatrick. On August 27, 2002, First Bank of Tennessee (First Bank) filed an Objection to Confirmation. First Bank then filed a Proof of Claim on December 16, 2002. On December 19, 2002, the Debtor filed an Objection to First Bank's Claim, asserting that it was not timely filed. Through the course of prosecuting the Objection to First Bank's Claim, it became apparent to Mr. Fitzpatrick that he would be required to testify as to material facts. Due to this conflict of interest, Mr. Fitzpatrick contacted Maurice K. Guinn, Esq., who agreed

to represent the Debtor concerning the Objection to First Bank's claim. Subsequently, Mr. Guinn filed a Disclosure of Compensation of Attorney for Debtor on February 26, 2003, and he proceeded to represent the Debtor in all aspects concerning the Objection to First Bank's Claim.[1] Mr. Fitzpatrick has continued to represent the Debtor in all other matters arising in, connected with, and relating to the Debtor's Chapter 13 bankruptcy case.

Ultimately, the Order Confirming Chapter 13 Plan (Confirmation Order) was entered by the court on July 25, 2003. Pursuant to the Confirmation Order, compensation to the Debtor's attorneys would be determined and fixed by the court. The First Interim Application of Jenkins & Jenkins Attys, PLLC and Gentry, Tipton, Kizer & McLemore, PC Attorneys for the Debtor for Allowance of Interim Compensation and Reimbursement of Expenses (Application) was filed on July 15, 2003. The hearing on this Application was held on August 6, 2003, at which time, the court approved the requested compensation. At the hearing, the Chapter 13 Trustee, while not opposing the requested compensation, questioned, in open court, whether the employment of Mr. Guinn for the sole and special purpose of representing the Debtor with regards to the Objection to First Bank's Claim required prior court approval. This Memorandum is filed in response to the Trustee's question.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O). (West 1993).

### I

Generally, a Chapter 13 debtor is not required to obtain court approval prior

---

1. The matter was ultimately settled, and an Agreed Order Withdrawing Objections was entered by the court on June 30, 2003, allowing First Bank to withdraw its Objection to Confirmation and allowing the Debtor to withdraw his Objection to First Bank's Claim.

to hiring an attorney. *See In re Young*, 285 B.R. 168, 170 (Bankr.D.Md.2002); *In re Mowers*, 160 B.R. 720, 722–23 (Bankr. N.D.N.Y.1993). Additionally, there is no statutory prohibition on a debtor being represented by more than one attorney, nor is there a requirement that a debtor's attorneys file an application for employment as a prerequisite for compensation. *Alfaro v. Vazquez (In re Alfaro)*, 221 B.R. 927, 931 (1st Cir. BAP 1998); *In re Fricker*, 131 B.R. 932, 940 (Bankr.E.D.Pa.1991). In fact, 11 U.S.C.A. § 327 (West 1993), governing the employment of professional persons, expressly states that *"the trustee, with the court's approval, may employ one or more attorneys[.]"* 11 U.S.C.A. § 327(a) (emphasis added). This section also applies to debtors-in-possession in Chapter 11 bankruptcy cases pursuant to 11 U.S.C.A. § 1107 (West 1993). Conversely, in Chapter 7, 12, and 13 cases, "attorneys for 'debtors', as distinguished from attorneys employed by the 'trustee' or 'debtor in possession', need not under . . . [the Bankruptcy Code] obtain court appointment before petitioning for attorney's fees. Court appointment has been required where attorneys represent the estate and therefore, are considered officers of the court." *In re Urrutia*, 137 B.R. 563, 566 (Bankr.D.P.R.1990); *accord Young*, 285 B.R. at 170 n. 2 ("While § 1107(a) provides that a debtor-in-possession in chapter 11 shall have virtually all of the rights of a Trustee and shall perform all the function duty and duties of the Trustee (with limited exception), [11 U.S.C.A.] § 1303 [ (West 1993) ] grants very limited rights and powers of a Trustee to the chapter 13 debtor.").

Nevertheless, 11 U.S.C.A. § 329(a) requires that

[a]ny attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C.A. § 329(a) (West 1993). Also, "[a]n attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record." FED. R. BANKR. P. 9010(b).

■ Even though court approval is not necessary for the employment of a Chapter 13 debtor's attorney, compensation thereof still requires court approval. Specifically, 11 U.S.C.A. § 330(a)(4)(B) provides that

(B) In a . . . chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C.A. § 330(a)(4)(B) (West 1993 & Supp.2003); *see also In re Taylor*, 216 B.R. 515, 522 (Bankr.E.D.Pa.1998). In connection with § 330, Federal Rule of Bankruptcy Procedure 2016 requires that

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compen-

sation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, [and] the source of the compensation so paid or promised[.]

FED. R. BANKR. P.2016(a).

## II

In this case, on February 26, 2003, Mr. Guinn filed the Disclosure of Compensation of Attorney for Debtor required by § 329(a). That document also served as notice in the record of Mr. Guinn's appearance, as required by Rule 9010(b). The court finds no authority requiring Mr. Guinn to otherwise be approved by the court as attorney for the Debtor in his Chapter 13 case, even for a limited or special purpose. No further action is required of Mr. Guinn regarding his employment and entitlement to any future compensation in this Chapter 13 bankruptcy case.[2]

2. This Memorandum covers the specific issue and facts before the court and does not address situations where the debtor seeks to employ an attorney for the special purpose of prosecuting or defending a cause of action either within the bankruptcy court or in another tribunal. Accordingly, the court makes no conclusions of law as to those situations.